(No. 19165.

JAMES R. McCORD, Defendant in Error, *vs.* BRIGGS & TURIVAS, Plaintiff in Error.

*Opinion filed February 21, 1930.*

Francis X. Busch, and Hopkins, Starr & Hopkins, for plaintiff in error.

160

Winston, Strawn & Shaw, (John C. Slade, and Charles J. Calderini, of counsel,) for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

This cause is here by *certiorari* from the Appellate Court for the First District to review the judgment of that court reversing an order of the circuit court of Cook county entered on October 22, 1927, at the October term of that court, setting aside an order entered on June 28, 1927, at the June term, and a further order in the same cause entered on August 2, 1927.

The order of June 28, 1927, was entered in a forcible detainer case which defendant in error prosecuted against plaintiff in error before the police magistrate of Blue Island township and which had been appealed by plaintiff in error to the circuit court. It reads as follows: "This cause being called for trial and the defendant failing to prosecute the appeal herein, on motion of plaintiff's attorney it is ordered that the appeal be and the same is hereby dismissed at defendant's costs for want of prosecution. Therefore it is considered by the court that the plaintiff do have and recover of and from the defendant his costs and charges in this behalf expended and have execution therefor." The second order set aside by the circuit court was entered on August 7, 1927, and is as follows: "It appearing that the appeal of the above named defendant was heretofore, on June 28, 1927, dismissed for want of prosecution, now, therefore, on motion of plaintiff's attorney it is ordered that a *procedendo* do issue herein to the court below."

The plaintiff in error here, defendant in the forcible detainer case, on September 10, 1927, filed its petition to vacate the two orders above set out and to reinstate its appeal in that court and filed with its petition certain affidavits in support thereof. The petition was filed after the expiration of the June, July and August terms of that court.

Defendant in error demurred to the petition and affidavits, and the court on October 22, 1927, overruled the demurrer, granted the petition, vacated the two orders and reinstated the cause on the appeal docket. The Appellate Court reversed that order.

The petition recites the judgment against petitioner before the police magistrate and its appeal therefrom to the circuit court, and alleges that the cause was called in the circuit court before Honorable John R. Caverly, judge, on June 14, 1927, on a preliminary call, and was set over until June 27 and then to June 28, and that on June 28, at a preliminary call of the cases on the daily trial call, without the cause being reached for trial, an order was made and pronounced by the judge dismissing the cause, on motion of the defendant, at plaintiff's costs for want of prosecution; that by the original entry of the clerk's minute of the order made immediately at the time and by report of petitioner's counsel who attended court at the time, petitioner was informed and believed that the cause had been dismissed on motion of the defendant and was so disposed of, and so paid no further attention to it. The petition alleges that some time after the making of the original entry of the clerk's minute of the order, said minute, by error of fact and misprision of the clerk, was altered without knowledge or notice to the petitioner or its counsel, and was made to recite that on motion of the plaintiff (instead of the defendant) the appeal (instead of the case) was dismissed at cost of defendant, (instead of at cost of the plaintiff, as originally entered,) and that afterwards, on August 2, 1927, without notice to the petitioner or its attorneys, counsel for plaintiff in the cause procured the entry of an order that a *procedendo* issue; that such *procedendo* did issue, the police magistrate thereafter issued to a constable a writ of restitution directing the restoration of said premises to the plaintiff. The petition alleges a good and meritorious defense; that its attorneys were misled through the nota-

tions and entries made by the minute clerk of the circuit judge, and believed that the suit, and not the appeal, had been dismissed; that its counsel, Peter Leland Wentz, was in attendance on the preliminary call and observed on the minute clerk's blotter the notation of the minute by which he was informed the cause had been dismissed on motion of the defendant. The prayer of the petition is that the court "enter its order herein, setting aside and vacating said order of June 28, 1927, and said order of August 2, 1927, and to reinstate to petitioners said appeal and direct the clerk of this court to recall said writ of *procedendo* issued to the police magistrate, Millard A. Rauhoff, Esq., and for the correct entry of proper orders in this cause as of the proper date therefor, and for other and further relief."

With this petition is filed the affidavit of Donald J. DeWolfe, stating that he is one of the attorneys for the petitioner, and that he had examined the petition and investigated the facts therein set forth, and as result of such investigation states the same to be true; that he examined the files and records in the cause and the legal authorities applicable, and that in his opinion the petitioner has a meritorious defense. The affidavit of Earl J. Smith, another of counsel for petitioner, was filed, which, after stating his familiarity with the case and other matters pertaining thereto, states that he was informed by said Wentz that the suit had been dismissed on motion of defendant, and had no knowledge that the suit was not, in fact, dismissed as reported by Wentz until the 31st day of August, 1927. Two affidavits of Peter Leland Wentz were filed, stating, among other things, that on June 28, 1927, a list of cases, including the one under consideration here, appeared on the trial call of Judge Caverly in the circuit court; that Judge Caverly did not try any cases on that day; that on that day affiant "there observed that said case was dismissed on motion of defendant," and that he thereupon reported to Earl J. Smith, his associate, and others, that the case had

been dismissed on motion of the defendant, at plaintiff's costs, and that he did not learn otherwise until the first of September, whereupon he made an investigation of the files and records of the cause and learned the facts stated in the petition; that he examined the file-wrapper and the minute clerk's blotter and observed therefrom that the notations of the minute clerk thereon with reference to the order of June 28, 1927, recited that on motion of defendant the appeal was dismissed at plaintiff's costs and judgment for want of prosecution; that the notation so written had been written over so as to recite that on motion of plaintiff the appeal was dismissed at defendant's costs with judgment for want of prosecution; that he also found that the record did not show the issuance of a *procedendo* on that day but that same was issued on August 2. In his second affidavit he sets out more in detail the condition of the call-sheet, minute clerk's blotter and file-wrapper, showing that the entry on the call-sheet appeared as to this case, "B 108113 McCord Mo. Deft. Appl. Dis. Briggs & Turivas;" that this original entry on the call-sheet had not, up to the time of his investigation in September, been changed, and that as to the entry by the minute clerk on his blotter or minute book of June 28 and on the file-wrapper, with the files in the cause, the alterations referred to in his affidavit had been made.

Counsel for plaintiff in error in their argument here appear to treat this petition as both one to vacate the orders complained of and also as a petition to amend the record to speak the truth. It is evident, however, that the petition does not seek to amend the record but to set aside the orders entered and reinstate the cause. This was the prayer of the petition and this was what was done. Had the prayer been to amend the record to conform to the averments of the petition, the court in granting such prayer would necessarily have amended the record to show that the case was dismissed on the motion of the defendant, and not, as the

record appears, that the appeal was dismissed on the motion of the plaintiff.

Plaintiff in error's original brief is devoted almost entirely to an argument of its right to have the record amended to speak the truth. While it may not be doubted that the court has power at all times, upon notice given, to reform its records so as to make them speak the truth, whether such action be taken because of a misprision of the clerk or a malfeasance, and such amendments may be made at any time as long as the court has before it the proper memoranda as the basis for its conclusion, (*People* v. *Holmes,* 312 Ill. 284,) yet an order amending a record after the expiration of the term at which the record is made must be based on some note or memorandum from the records or quasi-records of the court, or on the judge's minutes, or some entry in some book required by law to be kept, or in the papers on file in the cause. It cannot be determined from the memory of witnesses or by the recollection of the judge. The record of the court imports absolute verity, and the note or memorandum which would authorize its amendment after adjournment of the term must necessarily be a note or memorandum which could be said to have been made by the judge or pursuant to a requirement of the judge or of the law. (*Wesley Hospital* v. *Strong,* 233 Ill. 153.) After the adjournment of a term of court at which a judgment is entered it cannot be set aside or overcome by affidavit. (*Loew* v. *Krauspe,* 320 Ill. 244; *People* v. *Weinstein,* 298 id. 264; *Kelly* v. *City of Chicago,* 148 id. 90.) In this case there is no note or memorandum indicating a material misprision of the clerk concerning the order actually entered. All of the entries by the clerk show that the appeal, and not the case, was dismissed. This was the order of the court. Though it may be a matter of comment that the defendant, appellant there, should dismiss his own appeal, as shown by the original minutes on the call-sheet, yet that fact does not change

the clear purport of such entry, and the fact that the appeal, and not the case, was dismissed clearly appears in all the minute entries by the clerk. These, with the change on the minute blotter, correspond with the record of the order made and therefore afford no basis for amending the record. So, even though plaintiff in error's petition be treated as a petition or motion to amend the record to speak the truth, no basis for such amendment appears. This, however, notwithstanding counsel's argument, is not the purport of the prayer of the petition. The relief sought by the prayer of the petition is, as we have seen, not to amend the record but to vacate the orders entered and reinstate the cause.

At common law such relief could be had only by writ of error *coram nobis*. By section 89 of the Practice act this common law writ was abolished. That section provides that "all errors in fact committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice." Under section 89 a final judgment or order can be reversed or recalled after the term of court at which it was entered, for such errors of fact, only, as could have been corrected under a writ of error *coram nobis*. The motion or petition provided by section 89 is the commencement of a new suit. The error of fact which may be assigned in such proceeding must be of some fact unknown to the court at the time the judgment was rendered, as well as one which would have precluded the rendition of the judgment had it been within the knowledge of the court at the time. The error of fact alleged must not be one appearing on the face of the record or one contradicting the finding of the court. (*Harris* v. *Chicago Wrecking Co.* 314 Ill. 500; *Chapman* v. *North American Life Ins.*

*Co.* 292 id. 179; *People* v. *Noonan,* 276 id. 430.) The office of the writ of error *coram nobis* is to bring to the attention of the court errors of fact, such as the death of either party pending the suit and before judgment therein, or infancy where the party was not properly represented by guardian, or coverture where the common law disability still exists, or insanity at the time of the trial, or a valid defense existing in the facts of the case but which, without negligence on the part of the defendants, was not made, either through duress or fraud or excusable mistake, such facts not appearing on the face of the record, and which, if known by the court, would have prevented the rendition and entry of the judgment. (*People* v. *Noonan, supra.*) It is only concerning matters of which the judgment itself is silent that the court may entertain a motion, under section 89 of the Practice act, to correct errors in fact, and affidavits in support of such motion cannot be heard to contradict the record. *Mains* v. *Cosner,* 67 Ill. 536; *People* v. *Noonan, supra.*

The clear purport of the petition and affidavits here is to not only contradict the record but likewise the minute entries of the clerk, which correspond with the record. It is evident that at some time the clerk's entry on the minute blotter, "Mo. Df. Appl. Dis. P C & J W P," (meaning that on motion of defendant the appeal is dismissed at plaintiff's costs and judgment entered for want of prosecution,) had been changed by writing over "Df" the letters "Plf," and over the first letter "P" the letter "D," so that it appeared to indicate that on motion of plaintiff the appeal is dismissed at defendant's costs and judgment entered for want of prosecution. The entry on the trial call-sheet, "Mo. Dft. Appl. Dis." was not at any time changed. The purport of all these entries is that the appeal was dismissed, which, as we have seen, agreed with the order entered. The misprision of the clerk, if there was such, was in not properly designating on whose motion the appeal was dismissed

and at whose costs. These are not misprisions affecting the purport of the order dismissing the appeal rather than the cause. The petition and affidavits seek to contradict the record of the order of dismissal and likewise of the minutes. This the petitioner is not privileged to do under section 89 of the Practice act, and plaintiff in error does not bring itself within the provisions of that section.

There is another reason why such relief may not be had here. It will be observed by the affidavit of Wentz, one of the attorneys for plaintiff in error, that on June 28 he attended the call of the calendar in Judge Caverly's court room, and he in his affidavit states that he "there observed that said case was dismissed on motion of defendant." He does not indicate his means of observation. He does not say that he made a motion to dismiss the case or that he heard the judge pronounce any order in the case, nor does he say that he was told by the clerk that such was done. It is evident from his affidavit that the only matter open to him for observation at that time was the notation on the call-sheet. This, instead of informing him that the case was dismissed, on the contrary stated that the appeal had been dismissed, and when, as he says, he informed his associates that the case had been dismissed it appears that he mis-read the call-sheet. Therefore, when he, as counsel for plaintiff in error, says that he relied on his observation that the case had been dismissed, if his source of information was the trial call-sheet, as it appears by his affidavit to have been, then he relied upon that which was contrary to the fact, for an inspection of the notation on the call-sheet should have informed him that the appeal, and not the case, had been dismissed. The motion or petition under section 89 of the Practice act is not intended to relieve a party from the consequences of his own mistake or negligence. (*Cramer* v. *Commercial Men's Ass'n,* 260 Ill. 516.) We are of the opinion that the circuit court erred in setting aside its order of June 28, 1927.

We come, then, to the consideration of the question whether it was error to set aside the order issuing a *procedendo*. This was issued on motion of defendant in error on August 2, after the expiration of the term at which the order dismissing the appeal was entered. The writ of *procedendo* is a common law writ. It does not appear in our statutes. It was used in England by courts of chancery to compel inferior tribunals to proceed to judgment in a given case where the judges of the subordinate court were delaying the proceeding. (3 Blackstone's Com. p. 109; 2 Cooley, (3d ed.) p. 61.) It was also used to restore the jurisdiction of an inferior tribunal, which jurisdiction had been suspended by appellate proceedings. Its function in that capacity was to remit the cause to the inferior court from which it had been removed to a court of review. Such is and always has been its function in this State and elsewhere. It directs the inferior court to proceed. It does not enter judgment but directs the lower court to proceed to do so. It is intended to restore the *status quo*. (*Yates* v. *People,* 6 Johns. (N. Y.) 337.) The practice of awarding a writ of *procedendo* after the dismissal of an appeal has been adopted by the courts of this State from the common law, and it has for nearly a century been the practice in cases where an appeal is dismissed for want of prosecution to award a *procedendo* to the justice of the peace from which the appeal is taken. (*Reed* v. *Driscoll,* 84 Ill. 96.) The appeal in this case from the police magistrate operated to stay all further proceedings by him. Jurisdiction of the cause was transferred to the circuit court. A *procedendo* is not a part of the judgment of dismissal of the appeal but follows as the right of one who has secured such dismissal. The term *"procedendo"* is frequently used interchangeably with "mandate" and *"remittitur"* to denote the order issued by a court of review on the decision of a cause on appeal or writ of error, and its function is to direct the action to be taken or disposition to be made of the

cause by the lower court. Such an order is not a decree or a judgment but its office is to communicate the decision and directions of the court of review to the lower court, and upon being filed there the lower court is re-vested with jurisdiction. (4 Corpus Juris, 1208.) A *procedendo* operates in the same manner as the mandate or remanding order of a court of review. (*Smith* v. *Stevens,* 133 Ill. 183.) It is the common practice of this court, as provided by its rules, to issue the mandates after the close of the term at which the order was entered. The only limitation imposed on the issuance of a mandate of this court or of the Appellate Court is found in sections 113 and 114 of the Practice act. Section 113 provides for the issuance of a transcript of the order of remandment of the Supreme or Appellate Court, and section 114 provides that if neither party shall file such transcript of the mandate within two years from the time of making the final order of the Supreme or Appellate Court reversing any judgment or proceeding, the cause shall be considered abandoned and no further action shall be had therein. A *procedendo* from a circuit court to the justice of the peace is no more a part of the judgment of dismissal than is the transcript of the order of remandment from this court. In either case the successful party is entitled to have the writ as the result of the judgment secured in the court of review. The statute limits the time in which such transcript of order of remandment may be taken out of this and the Appellate Court to a period of two years. There is nothing in the statute limiting the time in which a *procedendo* may be taken from the circuit court. The circuit court in this case, therefore, was not without jurisdiction to issue a *procedendo* in this cause on August 2, 1927. The judgment of dismissal of the appeal having become final at the termination of the term of court at which it was entered and that court being without authority to set it aside at a later term, defendant in error was entitled to a writ of *procedendo* at

the time it was issued. The circuit court therefore erred in setting aside the order issuing a *procedendo,* and the Appellate Court was right in so holding.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*