(No. 22630.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RALPH J. PARCORA, Plaintiff in Error.

*Opinion filed December 19, 1934.*

ELLIODOR M. LIBONATI, (JOHN M. LONERGAN, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was charged by an information filed in the municipal court of Chicago with the offense of carrying in a motor vehicle a revolver with intent to use the same in the commission of a crime. He waived jury trial, and on hearing was found guilty and sentenced to one year in the house of correction and to pay a fine of $300. Thereafter his counsel filed a petition praying that the court vacate the judgment. The prayer of the petition

was denied, and he brings the cause to this court, claiming that his constitutional rights have been invaded.

The petition to vacate the judgment states that while lawfully riding in an automobile on February 17, 1934, driven by one Frank Knerr, plaintiff in error was stopped by certain police officers; that he was subjected to a search; that the automobile was searched, and in a pocket thereof was found the revolver described in the information; that the petitioner was placed under arrest and taken to a detective bureau, where he was held without opportunity to see counsel until February 20, when he was taken to court for trial; that upon being arraigned he stated to the court that he did not have a lawyer and desired an opportunity to secure one and requested a continuance, but that the court proceeded to trial. The petition also states that the defendant had never been arrested before; that he was not familiar with court proceedings and did not know his legal rights, and that there was no evidence tending to show that he intended to use the revolver in the commission of a crime. An affidavit by Knerr was filed in corroboration of that of plaintiff in error. There was also filed in support of this motion to vacate the judgment, the affidavit of Peter A. Parcora, the father of plaintiff in error, in which it is stated that the accused resides with the affiant in East Chicago, Indiana, where the latter has been engaged in the barber business for thirty years; that on February 18, 1934, affiant was advised that his son was in jail and came to the detective bureau to see him, but was told that no charge had been placed against him and he could not for that reason be released on bail; that he again called the following day, with the same result; that he saw the accused in the chief's office but was not allowed to talk to him in private, and did not hear of the trial and conviction until about 4:00 o'clock February 20. Affiant also states that he was able and willing to procure counsel to defend his son in order that he might be properly ad-

vised and present his defense. Upon hearing on the petition the court refused to vacate the judgment.

The bill of exceptions does not disclose the testimony before the court on the trial of the charge contained in the information. The abstract discloses only the proceedings had on the petition to vacate the judgment. We are therefore unable to consider the sufficiency of the evidence.

Counsel for plaintiff in error have characterized their petition as one in the nature of a writ of error *coram nobis.* It is argued that while the record shows that plaintiff in error appeared by counsel, he, in fact, had no counsel. It is said in the argument that the petition to set aside the judgment disclosed facts of which the trial court was not aware at the time of the trial, and it is averred that they were sufficient to justify setting aside the judgment. Reference to the petition discloses only the statement that while the record showed plaintiff in error was represented by counsel such fact was untrue, and the further statement that if the judgment was set aside he would be able to produce evidence which he did not have an opportunity to present on February 20 and would be able to retain counsel to present his defense.

A petition in the nature of writ of error *coram nobis* is designed to correct some error happening at the trial which the court would not have committed if it had been in possession of certain facts unknown to it. It can scarcely be said that the court did not know that plaintiff in error was not represented by counsel, if such was true, nor that he was denied counsel when requested. What he might prove, if given another trial, with the aid of counsel, is not disclosed by the petition, and as the abstract does not disclose the testimony taken on the original hearing, we are unable to say that the court, for the reasons urged, erred in denying a petition to vacate the judgment. There is nothing, other than the affidavits filed in support of the petition, to indicate that plaintiff in error asked for and

was denied the benefit of counsel. On the other hand, the affidavit of the officer, and that of Parcora's father that he saw him before his arraignment and that he was able and willing to provide counsel, tend to show that his lack of counsel was not due to error on the part of the court. Certainly it cannot be said to have been a fact unknown to the court.

This petition does not come within the rule governing petitions in the nature of writs of error *coram nobis*. There is no evidence that plaintiff in error was convicted by duress, fraud, or by mistake or ignorance on his part. There is no showing that he has been deprived of any defense which he could have used at the trial which if known to the court would have prevented a conviction. We are not convinced that this record shows that he asked for the aid of counsel.

Plaintiff in error also argues that his arrest was illegal. So far as appears in this record, and this is by the affidavit of the police officer making the arrest, a radio call had been sent out directing that a car of this description be found and its occupants apprehended. The record does not disclose that a motion was filed to suppress evidence on the ground of an illegal search, and so far as is shown by the bill of exceptions we are unable to tell what the testimony in connection with the matter was.

The court in the trial of criminal cases is bound to see that counsel is provided, when requested, for defendants unable to procure such assistance. It is a matter of common knowledge that in a court such as the municipal court of Chicago hundreds of cases are heard without the intervention of counsel. In the absence of a sufficient showing to the contrary, this court must presume that the judge hearing this case in the municipal court did not deny a request for the services of counsel. There is here no sufficient showing of matters of fact not within the knowledge of the trial court which would constitute ground for the

application of the rule governing a petition in the nature of writ of error *coram nobis*. It is not sought by this writ of error to review the original judgment, but review is sought of the refusal of the court to vacate that judgment under what is styled as a petition for writ of error *coram nobis*. The court did not err in refusing to vacate the judgment. Its judgment is affirmed.

*Judgment affirmed.*