The People of the State of Illinois, Appellant, v. Elizabeth Williams, Appellee.

Gen. No. 39,560.

Opinion filed December 15, 1937.

THOMAS J. COURTNEY, State's Attorney, for appellant; EDWARD E. WILSON and AMOS P. SCRUGGS, Assistant State's Attorney, of counsel.

No appearance for appellee.

MR. JUSTICE HALL delivered the opinion of the court.

By this appeal the People of the State of Illinois, complainant, seek to have reviewed a judgment of the municipal court of Chicago, rendered December 23, 1936. Nothing is here but the common law record, no bill of exceptions having been preserved.

The defendant, Elizabeth Williams, was tried on an information charging that on September 28, 1936, she committed an assault upon one Hollis Keeton with a knife, the same being a deadly weapon, with intent to inflict upon the person of Keeton, a bodily injury. Defendant was convicted and sentenced to the house of correction for six months and to pay a fine of $1 and costs. After defendant had served approximately 10 days of her sentence, notice was served upon the People, represented by the State's attorney, that defendant would present to the court a petition in the nature of a writ of error *coram nobis*. On October 15, 1936, this petition was presented to the court, and in it, it is alleged that upon the hearing upon the charge, upon which defendant was found guilty, she was not represented by counsel; that she was not guilty of the charge made in the complaint, because she acted in self defense; that a witness who saw and knew all of the facts with reference to the alleged assault, was present in court and ready to testify, but was not called, and that if such witness were permitted to testify, it would be shown by such testimony that defendant was justified in committing the alleged assault, because, as stated, it was made in an effort to defend the defendant from an assault made by Keeton upon her. The prayer of the petition is that the judgment be opened and the order vacated and that defendant be permitted to appear and make a defense. The People presented a motion to dismiss the petition, which was overruled.

After a hearing on the petition, the abstract indicates that the court directed that defendant be brought into court, and then entered an order as follows: "On December 23, 1936, defendant given a new trial except as to time served. Defendant arraigned, plead not guilty. . . . Defendant duly advised as to her right to trial by jury elects to waive jury. By agreement cause is submitted to the court for hearing. 'The court finds the defendant guilty in manner and form as charged in the information herein. Wherefore, it is ordered that the same be entered of record herein.' Defendant admitted to probation on application previously filed and released for parole six months from this date, December 23, A. D. 1936, in the care of the chief probation officer." There is no appearance here for defendant. .

As to the charge in the petition that defendant in the first trial was not represented by counsel, our attention is directed to the order entered by the court at that time, and upon that hearing and the finding of the court made at that time, which is as follows:

"The People are represented by the State's Attorney and the defendant being present in her own proper person as well as represented by counsel, testimony of witnesses heard, arguments of counsel and the court being fully advised in the premises renders the following finding, to-wit: 'The Court finds the defendant guilty in manner and form as charged in the information herein. Wherefore, it is ordered that the same be entered of record herein.' '' The finding of the court negatives the suggestion that defendant was not represented by counsel at the original trial. See *People v. Parcora,* 358 Ill. 448.

As to the propriety and purpose of the proceeding in the nature of a writ of *coram nobis,* the Supreme Court in the case of *Jacobson v. Ashkinaze,* 337 Ill. 141, said:

"The purpose of the writ *coram nobis* at common law, and of the statutory motion substituted for it in this State, is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition. Illustrations of such matters are the disability of the parties to sue or defend, the failure of the clerk to file a plea or answer, and the omission to interpose, through fraud, duress or excusable mistake and without negligence on the part of the defendant, a valid defense existing in the facts in the case. The motion is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law."

In *People v. Bruno,* 346 Ill. 449, a petition of the same character, for the same purpose, and under similar circumstances, was presented to the criminal court of Cook county after the petitioner in that case had been found guilty of a felony. The court denied the petition, the petitioner took an appeal, and in affirming the judgment of the criminal court of Cook county in denying the petition, the Supreme Court said:

"While the writ of error *coram nobis* has been abolished, the same errors which at the common law could have been corrected by that writ may now be corrected under section 89 of the Practice act, upon motion in writing, by the court in which the error was committed. The office of the writ of *coram nobis* was to bring the attention of the court to and obtain relief from errors of fact, such as the death of either party pending the suit and before judgment therein; or infancy, where the party was not properly represented by guardian; or coverture, where the common law disability still exists; or insanity, it seems, at the time of the trial; or a valid defense existing in the facts of the case but which, without negligence on the part of the

defendant, was not made, either through duress or fraud or excusable mistake, these facts not appearing on the face of the record and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned. (*People v. Noonan,* 276 Ill. 430.) The motion, however, is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law. (*Jacobson v. Ashkinaze,* 337 Ill. 141.) The motion under section 89 is an appropriate remedy in criminal cases to set aside a conviction if obtained by duress or fraud, or where by some excusable mistake or ignorance of the accused, and without negligence on his part, he has been deprived of a defense which he could have made at his trial, and which, if known to the court, would have prevented a conviction. (*People v. Moran,* 342 Ill. 478; *People v. Crooks,* 326 id. 266.) While the motion provided for in section 89 of the Practice act to correct errors of fact may be availed of by a party who without fault or negligence has been prevented from making a defense, yet the motion is not intended to relieve a party from the consequences of his own negligence. (*McCord v. Briggs & Turivas,* 338 Ill. 158; *Cramer v. Commercial Men's Ass'n,* 260 id. 516.) All of the facts stated as grounds for relief in plaintiff in error's petition or motion were facts which were known to him at the time of his trial in the criminal court on the charge of robbery and they were not brought to the attention of the court by reason of his negligence. Plaintiff in error, therefore, could not obtain this relief by his petition or motion under section 89 of the Practice act, and the criminal court properly sustained the demurrer filed by the State's attorney to the petition.''

As shown by the record, upon the second hearing there was not one scintilla of evidence offered by the defendant to sustain any of the allegations made in

the petition filed and the court again found her guilty, apparently upon the evidence offered at the first hearing. We are of the opinion that the court was in error in granting the prayer of the petitioner, in granting a new trial, in vacating the judgment entered September 29, 1936, finding defendant guilty, as charged, and in discharging the defendant. It is, therefore, ordered that the order discharging the defendant be reversed and that the cause be remanded with the direction that the trial court order her remandment to the house of correction to serve the remainder of the sentence already imposed.

*Reversed and remanded.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.