People of the State of Illinois, Appellant, v. Clarence DuBois, Appellee.

Gen. No. 39,662.

Opinion filed February 2, 1938.

THOMAS J. COURTNEY, State's Attorney, for appellant. EDWARD E. WILSON and AMOS P. SCRUGGS, Assistant State's Attorneys, of counsel.

No appearance for appellee.

MR. JUSTICE HALL delivered the opinion of the court.

Upon a hearing on a petition in the nature of a writ of error *coram nobis,* filed on March 15, 1937, by which it was sought to vacate and annul a finding and judgment of the municipal court of Chicago theretofore entered, where the court had found that defendant, Clarence DuBois, was guilty of an assault with a deadly weapon upon Betty DuBois, the court granted a new trial, and after a second hearing, entered the following order and judgment: ''The court finds the defendant, Clarence DuBois, guilty in manner and form as charged in the information herein. Wherefore it is ordered that the same be entered of record herein.'' It is recited in the abstract that after the latter judgment was entered, ''the court, upon application for probation, released the defendant on his signing recognizance in the sum of $500.00 for one year. The cause was to stand continued for one year, defendant to be under the probational care of the Chief Probation Officer of Cook County under the terms and condition that he violate no criminal law of Illinois, or ordinance of any municipality, etc.'' This appeal is by the People of the State of Illinois from the judgment and order mentioned.

The facts are as follows: On December 30, 1936, and after a hearing by the court upon an information charging the defendant with being guilty of the crime charged, the defendant was found guilty and sentenced to the house of correction of the city of Chicago for one year and fined $1 and costs. The bailiff was ordered to take defendant from the bar of the court and deliver him to the superintendent of the house of correction, which was done. Thereafter, on March 15, 1937, defendant filed a verified petition under section 72 of the Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 196; Jones Ill. Stats. Ann. 104.072, and as provided for in the Municipal Court Act, Ill. Rev. Stat. 1937, ch. 37, §§ 356–

426; Jones Ill. Stats. Ann. 108.027–108.095 wherein, (as the abstract recites) he states that at the time of the alleged assault, "that he, defendant, and his wife, Betty DuBois were having an argument and that the complainant, Betty DuBois, called the defendant a bad name; that he turned to grab her and she ran out of the room, fell and struck her head on the steps; that the said Betty DuBois, upon advice of friends, got a warrant for the defendant's arrest for assault with a deadly weapon." In this petition, defendant also alleges that at the time of the first hearing, he was without counsel to defend him and that he was not aware that he was to be charged with assault with a deadly weapon, and that at the time of the assault there was no one present but the petitioner and his wife, Betty DuBois. Accompanying the petition is the affidavit of Betty DuBois, in which she states that "she swore falsely with reference to the injury to her scalp, and that her husband did not hit her on the head with a deadly weapon, that she fell and hit her head on the steps, and that 'I am sorry of the mistake for I did not intend to mislead the court or tell a falsehood but I did state to the police officers that he was the cause of my running and falling.' " The State's attorney moved to dismiss the petition, which motion was denied.

In *People v. Bruno,* 346 Ill. 449, the defendant was charged with robbery while armed with a pistol, and after trial, was found guilty and sentenced to the reformatory at Pontiac for a term of from one year to life. Thereafter, a petition similar to the petition filed here, was presented to the criminal court of Cook county, and upon demurrer, the petition was dismissed. On appeal to the Supreme Court, that court affirmed the order of the criminal court, and said:

"While the writ of error *coram nobis* has been abolished, the same errors which at the common law could have been corrected by that writ may now be

corrected under section 89 of the Practice act, upon motion in writing, by the court in which the error was committed. The office of the writ of error *coram nobis* was to bring the attention of the court to and obtain relief from errors of fact, such as the death of either party pending the suit and before judgment therein; or infancy, where the party was not properly represented by guardian; or coverture, where the common law disability still exists; or insanity, it seems, at the time of the trial; or a valid defense existing in the facts of the case but which, without negligence on the part of the defendant, was not made, either through duress or fraud or excusable mistake, these facts not appearing on the face of the record and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned. (*People v. Noonan,* 276 Ill. 430.) The motion, however, is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law. (*Jacobson v. Ashkinaze,* 337 Ill. 141.) The motion under section 89 is an appropriate remedy in criminal cases to set aside a conviction if obtained by duress or fraud, or where by some excusable mistake or ignorance of the accused, and without negligence on his part, he has been deprived of a defense which he could have made at his trial, and which, if known to the court, would have prevented a conviction. (*People v. Moran,* 342 Ill. 478; *People v. Crooks,* 326 id. 266.) While the motion provided for in section 89 of the Practice act to correct errors of fact may be availed of by a party who without fault or negligence has been prevented from making a defense, yet the motion is not intended to relieve a party from the consequences of his own negligence. (*McCord v. Briggs & Turivas,* 338 Ill. 158; *Cramer v. Commercial Men's Ass'n,* 260 id. 516.) All of the facts stated as grounds for relief in plaintiff in error's petition or

motion were facts which were known to him at the time of his trial in the criminal court on the charge of robbery and they were not brought to the attention of the court by reason of his negligence. Plaintiff in error, therefore, could not obtain this relief by his petition or motion under section 89 of the Practice act, and the criminal court properly sustained the demurrer filed by the State's attorney to the petition." See also *People v. Nakielny,* 279 Ill. App. 387.

In *People v. Fisher,* 303 Ill. 430, one Hyman De-Vorken, on April 22, 1921, after a hearing in the municipal court of Chicago, was found guilty on a charge of carrying upon his person a concealed deadly weapon, to wit, a loaded revolver, and was sentenced to the house of correction of the city of Chicago for a term of one year. On December 13, 1921, a writ of habeas corpus was issued out of the circuit court, and upon a hearing De Vorken was discharged. Thereupon, and upon a petition of the people, a writ of mandamus issued out of the Supreme Court, directing the circuit court of Cook county to expunge the order discharging De Vorken, and in passing upon the power of the circuit court to act in the premises, the Supreme Court said: "The offense with which De Vorken was charged was a misdemeanor punishable by a fine or imprisonment in the county jail, or both. The municipal court clearly had jurisdiction of the subject matter and of defendant, and when this appeared the circuit court should have refused to entertain the petition for a writ of *habeas corpus.* . . . From the order that was entered in the *habeas corpus* proceeding it appears that the judge used the writ to release the prisoner on parole. *The law of this State vests the authority to pardon or parole in another department of the government and the judiciary have no right to usurp this power.* The order of Judge Fisher being absolutely void, this court has the clear right, and it is its duty,

to order him to expunge the void order from the records. *People v. Zimmer,* 252 Ill. 9; *People v. Green,* 281 Ill. 52; *People v. Windes,* 283 id. 251.'' (Italics ours.) .

Chapter 37, § 376, sec. 21, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 108.046 (municipal court of Chicago) provides:

''That there shall be no stated terms of the Municipal Court, but said court shall always be open for the transaction of business. Every judgment, order or decree of said court final in its nature shall be subject to be vacated, set aside or modified in the same manner and to the same extent as a judgment, order or decree of a circuit court during the term at which the same was rendered in such circuit court, provided a motion to vacate, set aside or modify the same be entered in said Municipal Court within thirty days after the entry of such judgment, order or decree. If no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within thirty days after the entry of such judgment, order or decree, the same shall not be vacated, set aside or modified excepting upon appeal or writ of error, or by a bill in equity, or by a petition to said Municipal Court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity: Provided, however, that all errors in fact in the proceedings in such case, which might have been corrected at common law by the writ of error coram nobis may be corrected by motion, or the judgment may be set aside, in the manner provided by law for similar cases in the circuit courts.'' It is to be noted that by the very terms of this act, the municipal court of Chicago is deprived of the power to vacate a judgment after 30 days, except in cases where ''errors of fact . . . which might have been corrected at common law by the

writ of error *coram nobis* . . . or in the manner provided by law for similar cases in the circuit courts.'' There is no showing made here which brings this case within the exception noted in the statute.

As to whether or not the petitioner's statement that he was not represented by counsel at the first hearing was sufficient ground for the court to vacate the judgment and grant a new trial, see *People v. Williams,* 293 Ill. App. 92, and cases there cited. We hold that it is not sufficient.

From the record before us, we conclude that in the case at bar, at the last hearing no evidence was heard by the court other than that adduced at the first hearing. We say this in spite of the fact that the court, in its finding on the hearing of the petition, recites that evidence was heard. If, however, any evidence was heard, it is not in the record, and if heard, was apparently not convincing, since the court again found defendant guilty of the offense with which he was originally charged.

We are of the opinion that the court was in error in vacating the first judgment, in granting a new trial, and in placing the defendant on probation. After the expiration of 30 days from the entry of the judgment, the court was without jurisdiction to enter any order in the case, other than such order as the statute quoted, allows. Further, section 21 of the Municipal Court Act does not give that court power to order a new trial under any circumstance after the prisoner has begun serving his sentence, even though the order be made within 30 days of the entry of the judgment. (*People v. Whitman,* 277 Ill. 408.)

The effect of the order appealed from was to release the defendant from the penalty imposed, which the court was without power to do. The procedure used here has become quite common in some of the courts, and should cease. It is, in effect, usurping the power to pardon. The judgment is, therefore, reversed and

the cause is remanded with the direction that the court order the remandment of the defendant to serve out the term of imprisonment, and to pay the fine originally imposed.

*Reversed and remanded with directions.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.