People of the State of Illinois, Appellant, v. Adolph Kresinsky, Appellee.

Gen. No. 40,102.

Opinion filed June 30, 1938.

THOMAS J. COURTNEY, State's Attorney, for appellant; EDWARD E. WILSON and AMOS P. SCRUGGS, Assistant State's Attorneys, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

This appeal is from the trial court's order granting defendant a new trial upon his motion in the nature of a writ of error *coram nobis,* and also its order discharging defendant from the house of correction and placing him on probation.

In the information it was charged that August 25, 1937, defendant unlawfully took a quantity of scrap iron belonging to the Chicago, Burlington & Quincy Railroad Company in Chicago, of the value of $14. Defendant pleaded not guilty, waived a jury, and upon trial by the court September 25, 1937, was found guilty as charged and was sentenced to the house of correction for six months and fined $1.

After defendant had served about 2 months of his sentence, on December 20, 1937, a motion to correct errors in fact was filed, in which were set out as alleged errors of fact: (1) That he was not represented by counsel; (2) that he was ignorant of the procedure of the court and could not plead his cause properly; (3) that the evidence of fact was allowed to be introduced by the State that would not have been introduced had he been represented by counsel; (4) that statements made by the other defendants not in his presence were allowed to be introduced as evidence and used against him; (5) that the records of the other defendants were allowed to be introduced in evidence, much to the prejudice of his case. The People moved to strike this motion, which was denied, and defendant's motion allowed and a new trial granted.

On the same day defendant, in the new trial, pleaded not guilty to the same charge of larceny upon which he previously had been convicted; he waived a jury and again was found guilty as charged in the information. Upon application the court ordered defendant released on probation for six months upon filing a recognizance without surety in the sum of $500, and he was released and the cause continued to June 30, 1938. Defendant has filed no brief in this court in support of the trial court's action.

In *People v. Parcora*, 358 Ill. 448, the court considered a motion in all respects like that now before us. There the trial court refused to vacate the judgment,

and in affirming this the Supreme Court referred to the insufficiency of the petition, which alleged that while the record showed plaintiff in error was represented by counsel, this was untrue, and that if the judgment was set aside he would be able to produce evidence which he did not have an opportunity to present and would be able to retain counsel to present his defense. The court said:

"A petition in the nature of writ of error *coram nobis* is designed to correct some error happening at the trial which the court would not have committed if it had been in possession of certain facts unknown to it. It can scarcely be said that the court did not know that plaintiff in error was not represented by counsel, if such was true, nor that he was denied counsel when requested. . . .

"This petition does not come within the rule governing petitions in the nature of writs of error *coram nobis*. There is no evidence that plaintiff in error was convicted by duress, fraud, or by mistake or ignorance on his part. There is no showing that he has been deprived of any defense which he could have used at the trial which if known to the court would have prevented a conviction. We are not convinced that this record shows that he asked for the aid of counsel.

". . .

"The court in the trial of criminal cases is bound to see that counsel is provided, when requested, for defendants unable to procure such assistance. It is a matter of common knowledge that in a court such as the municipal court of Chicago hundreds of cases are heard without the intervention of counsel. In the absence of a sufficient showing to the contrary, this court must presume that the judge hearing this case . . . did not deny a request for the services of counsel."

In the instant case all of the alleged errors of fact relate to supposed errors in the admission of evidence

on the trial which might not have occurred if defendant had been represented by counsel. Defendant does not say he asked the court to appoint counsel for him and was refused, but merely says he was not represented by counsel, which is not even as strong a case as the one above cited, where, although the petition stated that counsel was requested and refused, the motion was denied. Such a fact, therefore, has no place in the motion, which must contain facts unknown to the court when judgment was rendered.

In the judgment order on the trial it was recited that "said defendant being present in his own proper person as well as represented by counsel. . . ." It is only concerning matters of which the judgment itself is silent that the court may entertain a motion of this kind to correct errors in fact. *McCord v. Briggs & Turivas,* 338 Ill. 158, 166; *People v. Williams,* 293 Ill. App. 92, and cases there cited. The court should have allowed the motion to strike the petition.

For the reasons indicated the judgment of December 31, 1937, granting defendant a new trial and discharging him from the house of correction and placing him on probation is reversed and the cause is remanded with directions that defendant be remanded to the superintendent of the house of correction to serve the remainder of his sentence.

*Reversed and remanded with directions.*

MATCHETT and O'CONNOR, JJ., concur.