People of the State of Illinois, Defendant in Error, v. Clinton Donner, Plaintiff in Error.

Gen. No. 42,993.

Heard in the first division of this

court for the first district at the February term, 1944.
Opinion filed April 3, 1944.

WADE G. MORGAN, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and JOSEPH A. POPE, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error defendant seeks to reverse a judgment of the Municipal court of Chicago entered November 1, 1943, by which he was found guilty of assaulting Walter Lowe with a knife October 30, 1943, and sentenced to the House of Correction for six months and a fine of $25 was imposed. Defendant also seeks to reverse the judgment of the Municipal court of Chicago entered December 24, 1943, overruling his motion and dismissing his petition filed under section 72 of the Civil Practice Act.

The record discloses that November 1, 1943, an information was filed by leave of court in which Walter Lowe charged defendant with assaulting him with a knife on October 30, 1943. The order of court recites that the defendant was arrested and was then present in court and The People were represented by the State's Attorney; that defendant was arraigned and entered a plea of not guilty; that "Said defendant being duly advised by the Court as to his right to a trial by jury in this cause, elects to waive a trial by jury"; that by agreement the cause was submitted to the court for trial without a jury and "after hearing all the testimony of the witnesses" the court found the defendant guilty as charged in the information, "and it is considered and adjudged by the court that said defendant is guilty of the criminal offense of WILLFUL AND MALICIOUS ASSAULT WITH A DEADLY WEAPON UPON THE

PERSON OF ANOTHER WITHOUT ANY CONSIDERABLE PROVO-
CATION AND UNDER CIRCUMSTANCES SHOWING AN ABAND-
DONED AND MALIGNANT HEART WITH INTENT THEN AND
THERE TO INFLICT A BODILY INJURY" and he was senten-
ced as above stated.

December 20, 1943, counsel for defendant served no-
tice on the State's Attorney that he would appear be-
fore the court on the next day and move the court "to
recall and reverse the judgment" of November 1, and
a copy of defendant's petition was attached. In the
petition defendant swears that on the night of Octo-
ber 30, 1943, he was violently assaulted by Lowe with
a large knife without any provocation; that he in self
defense, undertook to defend himself. That on the
next day, November 1, Lowe appeared before Judge
BORRELLI of the Municipal court, swore to the com-
plaint [information] and perjured himself in swearing
to the information; that defendant was immediately
arraigned and tried without a jury, without assistance
of counsel and without process to compel the attend-
ance of a jury and without being served with a copy
of the information; that defendant was found guilty,
convicted and sentenced as above stated.

The petition further set up that defendant was il-
literate and ignorant of his constitutional rights and
without negligence on his part he was deprived of mak-
ing his defense of self defense. That the trial was
commenced "and concluded, without petitioner having
been first advised and informed, that he was entitled
to trial by jury of his peers," etc. The petition fur-
ther sets up that "there was in existence evidence in
the form and nature of competent testimony which
would have established his defense of "SELF DE-
FENSE," which he was unable to produce on account
of his ignorance. Obviously the allegation last quoted
is but a conclusion. What evidence he would produce
is not stated.

The State's Attorney filed a motion to dismiss set-
ting up a number of grounds and the matter was con-

tinued to December 22, and on the latter date an order was again entered continuing the matter until December 24. On that date defendant filed an affidavit in support of his petition tending to show that the assault he made on plaintiff was in self defense. After the hearing the court entered an order sustaining the State's Attorney's motion to dismiss the petition.

Counsel for defendant in his brief says that the constitution and the statute of this State were violated; that defendant was entitled to have the aid of counsel but that through excusable mistake or ignorance the court was misled and defendant's rights were violated.

The judgment of the court recites that defendant was advised by the court of his right to a trial by jury. And there being no report of proceedings of the trial, we must assume this to be the fact and that defendant's allegation in his petition, that he was not so advised, cannot contradict the record. The contention that the judgment cannot stand for the reason that defendant was not represented by counsel does not warrant a reversal. *People v. Kresinsky,* 296 Ill. App. 211; *People v. Parcora,* 358 Ill. 448.

In the *Kresinsky* case we quoted from the *Parcora* case as follows: ''The court in the trial of criminal cases is bound to see that counsel is provided, when requested, for defendants unable to procure such assistance. It is a matter of common knowledge that in a court such as the municipal court of Chicago hundreds of cases are heard without the intervention of counsel. In the absence of a sufficient showing to the contrary, this court must presume that the judge hearing this case . . . did not deny a request for the services of counsel.''

We are further of opinion that the failure to furnish defendant with a copy of the information does not warrant us in disturbing the judgment or order of the court. *People v. Watt,* 380 Ill. 610. In that case it was contended that neither the defendant nor his

counsel was furnished with a copy of the indictment as required by the statute. The court said: "The authorities cited by plaintiff in error do not hold it is mandatory to furnish such copy of the indictment." That such failure is merely irregular and that the statute is but directory. If defendant wants a copy of the indictment he should demand it, and if the demand is refused defendant would have ground for complaint.

We hold that in this case we have the right and it is our duty to pass upon the judgment by conviction and also the order of the court dismissing defendant's petition. *People v. Cohen,* 376 Ill. 382. While it is true that a proceeding brought under section 72 of the Civil Practice Act is civil in its nature and while defendant has not followed the proper procedure of appealing from the order denying his motion, yet the case is here on writ of error and under Rule 28 of the Supreme Court and Rule 4 of this court, it is our duty to pass on both the judgment and the order of court. The rule provides: "If a writ of error be improvidently sued out in a case where the proper method of review is by appeal, or if appeal be improvidently employed where the proper method of review is by writ of error, this alone shall not be a ground for dismissal, but if the issues of the case sufficiently appear upon the record before the court of review, the case shall be considered as if the proper method of review had been employed."

The judgment and order of the Municipal court of Chicago are affirmed.

*Affirmed.*

NIEMEYER and MATCHETT, JJ., concur.