Edward C. Loew, Defendant in Error, *vs.* Harry F. Krauspe, Plaintiff in Error.

*Opinion filed February 18, 1926.*

1. Practice—*when cause does not lose its place on short-cause calendar.* Where a cause has been placed on the short-cause calendar and is not continued or passed "for good cause shown" within the meaning of section 30 of the Practice act, it does not lose its place on the calendar merely because it is not called for trial on the first day for hearing short causes, the court being occupied on that day with a case that had run over from the previous week, but under section 28 of the Practice act it remains on the short-cause calendar until disposed of.

2. Same—*judgment cannot be set aside on affidavit after term.* After the adjournment of a term of court at which a judgment is entered it cannot be set aside or overcome by affidavit.

3. Same—*what errors may be made basis of motion under section 89 of Practice act.* The motion under section 89 of the Practice act is not addressed to the equitable powers of the court and is not intended to relieve a party from the consequences of his own negligence, nor is it for the purpose of reviewing errors of law or facts constituting a cause of action or a defense, but it can be based only upon errors of fact which, if known to the court, would have prevented the entry of the judgment.

Writ of Error to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. John A. Swanson, Judge, presiding.

D'ANCONA & PFLAUM, for plaintiff in error.

CHARLES HUDSON, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Edward C. Loew brought an action of assumpsit against Harry F. Krauspe in the circuit court of Cook county, laying the damages at $5590. The suit was placed, when brought, on calendar No. 4, which was then Judge Scanlan's calendar. After defendant filed a plea and affidavit of merits of his defense the cause was placed on the short-cause calendar. It was called as a short-cause case February 18, 1924, and no one appearing for defendant, a jury was empaneled, evidence heard and a verdict and judgment rendered for plaintiff for $4000. After the term had adjourned at which the judgment was rendered an execution was issued, which was served on defendant in April. Thereupon defendant filed a motion, supported by affidavits, under section 89 of the Practice act, to set aside the judgment on the ground that its entry resulted from an error of fact. Counter-affidavits were filed by plaintiff, and the court allowed the motion to set the judgment aside. The plaintiff below appealed to the Appellate Court, which court reversed the judgment of the circuit court. This court granted the petition of defendant below for a writ of *certiorari*. The parties will hereafter be referred to as plaintiff and defendant, as they were in the trial court.

The parties have filed elaborate briefs and reply briefs, but we believe the material merits of the controversy are confined to reasonably narrow limits.

The affidavit to place the case on the short-cause calendar was filed January 25, 1924, and a notice and copy of the affidavit were served on defendant the same day. No contention is made as to the manner in which the case was caused to be placed on the short-cause calendar. It was on

the short-cause calendar February 11 before Judge Swanson but was not noted for trial on the call that day and was not tried, as the judge was engaged in trying a case which he had entered upon the previous week but had not concluded. The case was on the short-cause calendar and noted on the trial call for February 18, when, as we have stated, it was tried in the absence of defendant and judgment rendered against him.

Defendant contends that there are three errors of fact which caused the judgment to be, entered and which would not have been entered if the court had known of their existence: (1) The unauthorized act of the clerk in putting the case on the trial call for February 18 when it had been set for trial on the short-cause calendar February 11; (2) the unauthorized act of the minute clerk in placing the case on Judge Swanson's trial call when it should have been on the trial call of Judge McGoorty; (3) that when the case was not called or tried February 11 it constituted a continuance, which resulted in taking it from the short-cause calendar, and it could not be restored without filing a new affidavit and service of notice. Plaintiff's affidavit in opposition to the motion stated, and it is not disputed, that defendant's attorneys were subscribers to the *Law Bulletin;* that the call of all cases to be heard by Judge Swanson was published in the *Law Bulletin* on February 16, the same as the call sheet made out by the clerk.

As we understand the facts, when this action was begun it was placed on calendar No. 4, which was the calendar of Judge Scanlan prior to his assignment to hear special chancery cases. In July, 1923, and before the commencement of this suit, under the authority of the rules of the circuit court of Cook county the executive committee made an order assigning Judge Swanson, after August 1, 1923, to hear short causes. Judge Scanlan was later assigned to hear special chancery causes, and in December an order was made by the executive committee transferring common law

calendar No. 4 to Judge McGoorty, and it was repeated in this order that Judge Swanson was assigned to hear short causes.

Section 27 of the Practice act provides that upon any party or his attorney filing an affidavit that he believes the trial of a suit will not occupy more than one hour, and upon ten days' previous notice to the other party or his attorney, the cause shall be placed upon the short-cause calendar. Section 28 provides for the designation of one day a week for the trial of cases upon the short-cause calendar and such cases shall be tried and disposed of in their order upon the calendar, and the short-cause calendar shall be a continuous calendar, and suits once placed upon it shall remain thereon until disposed of in their order. Section 30 provides that a suit upon the short-cause calendar may be passed or continued "for good cause shown," the same as other suits, and if so passed or continued it shall lose its place upon the calendar.

The rules legally authorized the action of the executive committee of the circuit court in assigning the judges and transferring the different calendars, including the assignment of Judge Swanson to hear cases on the short-cause calendar. The orders of the executive committee in that respect were not contrary to any statute. Notice of these transfers and assignments were ordered to be printed and distributed among the members of the bar generally, and were also published in the *Law Bulletin*. Defendant knew, or by the exercise of reasonable care might have known, of these orders, and there is no merit in the contention that the case should have been on Judge Scanlan's calendar after it was placed on the short-cause calendar, or upon Judge McGoorty's calendar. Defendant knew, or had reasonable opportunity to have known after the case was placed on the short-cause calendar, the cases on that calendar were transferred to Judge Swanson. The earliest date after the case was placed on the short-cause calendar that it could have

been placed upon the trial call was February 11, but it was not noted on the trial call for that day, and could not have been reached for the reason Judge Swanson was engaged in the trial of a case he had entered upon the week previous but had not completed on Monday, February 11. Under the statute, cases placed upon the short-cause calendar shall remain thereon until disposed of. Common law rule 5 of the circuit court provides that Monday of each week is set apart and assigned as the day for the trial of actions on the short-cause calendar, and cases not reached for trial on the Monday designated shall stand continued until the following Monday. This cause was designated on the trial call of Judge Swanson for February 18 and notice of it was published in the *Law Bulletin* of February 16, and notice was published in the same publication on February 18 that judgment had been rendered in favor of plaintiff for $4000. Defendant's attorneys were subscribers to the *Law Bulletin,* and their clerk who had charge of the trial docket in their office made affidavit that he read the calls published February 8 and 9 but did not find this cause noted; that he did not read the *Law Bulletin* of February 15 or 16, did not know the case was on the call for February 18, and did not inform defendant's attorneys (his employers) that the case was noted for trial February 18. The abstract and record show one of defendant's attorneys stated on the hearing of the motion that his docket clerk had made a "bull" and the fault was entirely in his office; that all notices were taken to the docket clerk, but said clerk had "slipped up, and that is all there is to it." He further said that he was not personally to blame but that his office was, and he was responsible for his office.

The contention is now made by defendant that even if the case was properly on the short-cause calendar before Judge Swanson, because it was not called for February 11 it lost its place on that calendar and could not be restored without a further affidavit and notice. We do not think

that contention sound. Section 28 of the Practice act provides the short-cause calendar shall be a continuous one, and suits placed upon it shall remain thereon until disposed of. Section 30 provides that if the case is passed or continued for good cause shown, it shall lose its place upon the short-cause calendar but may be afterwards restored. Defendant was not in court before Judge Swanson on February 11 and the cause was not continued or passed "for good cause shown." No motion or request was made that the case be either passed or continued. The case was not noted for trial on the call for February 11, and for the reasons we have stated could not have been called for trial if it had been so noted. It did not, therefore, lose its place on the short-cause calendar, which is a continuous one, and suits placed upon it shall remain thereon until disposed of. Under rule 5 the case therefore went over until the following Monday, and notice that it was placed on the trial call for February 18 was published in the *Law Bulletin,* as we have stated. If the case lost its place upon the short-cause calendar because it was not called for trial February 11 rule 5 is in conflict with the statute, and compliance with it would not have authorized the judgment. We do not think the rule is contrary to the statute, but if it was, it is not an error of fact but is an error of law and cannot be corrected by motion under section 89. After the hearing on the motion was concluded the court stated he would overrule it, and directed that an order and judgment to that effect be prepared. Defendant prayed and was allowed an appeal, and the case was continued to May 22 for the purpose of preparing and submitting to the court the final order. When the order was prepared and presented to the court, and after he had attached his signature to it, defendant asked and was granted leave to file additional affidavits to the effect that he did not know of the judgment until April 18. The affidavits were filed, and upon consideration the motion to set aside the judgment was allowed.

The law is well settled that after the adjournment of a term of court at which a judgment is entered it cannot be set aside or overcome by affidavit. (*Humphreyville* v. *Culver, Page, Hoyne & Co.* 73 Ill. 485; *Kelly* v. *City of Chicago,* 148 id. 90; *People* v. *Weinstein,* 298 id. 264.) Error *coram nobis* was abolished by section 89 of the Practice act, which provides that all errors of fact committed in the proceedings of courts of record which could have been corrected by error *coram nobis* may be corrected upon motion in writing within five years after rendition of the judgment, upon reasonable notice. The motion is not addressed to the equitable powers of the court, and it is not intended to relieve the party from the consequences of his own negligence. (*Consolidated Coal Co.* v. *Oeltjen,* 189 Ill. 85; *Cramer* v. *Commercial Men's Ass'n,* 260 id. 516.) The object and purpose of the motion under section 89 have been frequently discussed in decisions of this court, and it has always been held that errors of fact which could be made the basis of the motion are facts which, if known to the court, would have prevented the entry of the judgment, and not the lack of knowledge on the part of the court of facts constituting a cause of action or a defense to it. *Marabia* v. *Thompson Hospital,* 309 Ill. 147; *Village of Downers Grove* v. *Glos,* 316 id. 563.

Even though we were wrong in holding that rule 5 of the circuit court is not in conflict with the statute, which we are confident we are not, the judgment would be an error of law, and that could only be corrected by appeal or writ of error. Judge Swanson did not render the judgment by reason of lack of knowledge of any fact which would have prevented him rendering the judgment. If it was wrongfully rendered it was due to an error of law, which cannot be corrected by motion under section 89 of the Practice act.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*