Stefhan Stranak, Appellee, v. Katerina Tomasovic, Appellant.

Opinion
filed March 1, 1941.

BEASLEY & ZULLEY, of East St. Louis, for appellant.

T. S. MORGAN, of East St. Louis, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal from the order of the city court of the city of East St. Louis, denying appellant's motion to open up a judgment theretofore rendered against her in favor of appellee. For purposes of convenience Katerina Tomasovic, appellant, will be designated as defendant and Stefhan Stranak, appellee, as plaintiff.

On January 23, 1935, judgment by confession was entered against defendant, predicated upon a promissory note alleged to have been executed by her, November 10, 1931, for the payment to plaintiff of the principal sum of $3,000, at 5 per cent interest, after maturity. Judgment was confessed in the sum of $3,475, which included $175, interest and $300, attorney fee.

The record discloses an execution issued upon said judgment on January 23, 1935, but no record of any service of this execution. Upon the service of an alias execution upon her on January 23, 1940, defendant 3 days later on January 26, 1940, filed her motion supported by affidavit to open up the confession judgment, to permit her to plead to the merits, and to vacate and set aside said judgment. Said affidavit set forth in substance that she was a widow, 56 years of age, that her mental faculties, including her eyesight had been enfeebled by prolonged illness; that she was unable to read or write the American language to any extent whatever; that she never borrowed any money from the plaintiff and was not indebted to him; that her husband died in July 1932, and a short time after her

husband's death plaintiff appeared and forced himself into her dwelling house, that he accused her of having told her friends and relatives that plaintiff was indebted to her deceased husband in the sum of $3,000. That she denied this, whereupon plaintiff insisted that she sign a paper to the effect that she was making no claim against plaintiff; that plaintiff threatened her with physical violence if she refused to sign said paper, and that in fear of bodily harm she scrawled her name thereon, in her native language; that she was never informed of a judgment note, until the service of the execution upon her on January 23, 1940, and that she immediately consulted counsel and presented her motion to the court at the earliest opportunity.

Plaintiff then filed a motion to overrule defendant's motion to vacate the judgment and filed his affidavit in support thereof. This affidavit set forth in substance, that plaintiff agreed to loan defendant and her husband the sum of $3,000 and did lend it to them; that no note was given as evidence of that loan until after the death of the husband, although interest thereon was paid in his lifetime; that after the death of her husband, defendant signed and delivered the note. He denied the matters set forth in defendant's affidavit, with reference to the claim that he accused defendant of having told her friends and relatives that he, the plaintiff, was indebted to her husband, and denies any threats or intimidation in the procuring of the note. Nothing is set forth in said affidavit with reference to any claim of laches or lack of diligence on the part of the defendant.

Both motions were set for hearing and defendant's motion to open up the judgment and for leave to plead was denied by the court and from such order defendant prosecutes this appeal.

It is contended by counsel for plaintiff that neither the record presented on appeal in this court, nor the

abstract thereof show any judgment, and that the appeal should therefore be dismissed. It is true that the record and the abstract do not set forth the original judgment obtained on the note in question, but this appeal is not from that judgment. This is an appeal from the judgment of the court in overruling the defendant's motion to open up the judgment and for leave to plead to the merits. This order does appear in the record and is abstracted. In such case the court has jurisdiction to entertain the appeal. *Jefferson Trust & Savings Bank v. W. Heller & Son, Inc.*, 280 Ill. App. 399.

It is also contended that there was no showing of proper diligence on the part of the defendant. A proper showing may be made by affidavit to account for delay in making application to vacate or stay proceedings under a judgment entered by confession. *Hannan v. Biggio*, 189 Ill. App. 460.

Where it is made to appear that a note upon which a judgment has been taken by confession was executed in the belief that some other document, not a note, was being signed, leave to plead should be allowed upon due application. *Funk v. Hossack*, 115 Ill. App. 340. The defendant, by her 'affidavit made the claim that the paper that was presented to her for her signature, was represented not to be a note, but something far different in its legal aspect. She affirmatively showed due diligence, when knowledge came to her that this was a note, and a judgment had been entered. Her affidavit states that she first knew of the existence of the judgment on January 24, 1940, when she was served with execution; that the following morning she consulted her attorney, and on the 26th day of January, 1940, filed her motion to vacate the judgment. Her claim of fraud and misrepresentation is contradicted by the plaintiff in his counter-affidavit, but there is nothing therein set forth to contradict or deny the showing of due diligence upon the part of the defend-

ant, which is the proper office of a counter-affidavit in a case of this kind. *Gilchrist Transp. Co. v. Northern Grain Co.,* 204 Ill. 510.

The general rule is that on motion to open a judgment entered by confession and for leave to defend, the question of a meritorious defense is of much more importance than the question of defendant's diligence or the lack of it. *Automatic Oil Heating Co. v. Lee,* 296 Ill. App. 628; *Mason v. McNamara,* 57 Ill. 274; *Elaborated Ready Roofing Co. v. Hunter,* 262 Ill. App. 380.

When, on the application of a defendant to open a judgment by confession and permit him to defend, the affidavits show that his defense, if sustained, would be a good one, and that a question is presented which should be submitted to a jury, the court should set aside the judgment and permit the defense to be made. *Pitts v. Magie,* 24 Ill. 610.

Counsel for plaintiff contend that there is no showing of want of consideration. The affidavit positively states that defendant never borrowed any money from plaintiff and received no property from him. We believe that the affidavit was sufficient to show a meritorious defense, and one that should be submitted to a jury for determination.

The affidavit filed by plaintiff was ostensibly in support of plaintiff's motion to overrule the motion for defendant to vacate the judgment, but was obviously intended as a counter-affidavit to contradict the affidavit of the defendant, and present an issue of fact for the determination of the judge. The question of considering counter-affidavits on a motion to set aside a judgment taken by default has frequently been before the courts of this State, and said courts have uniformly held that counter-affidavits should not be considered on questions of fact raised on the merits of the case; that these were questions the parties had the right to have passed on by the jury. *Mendell v. Kimball,* 85 Ill. 582;

*Gilchrist Transp. Co. v. Northern Grain Co.*, 204 Ill.
510; *Mutual Life of Illinois v. Little*, 227 Ill. App. 436;
*Continental Construction Co. v. Henderson County
Public Service Co.*, 227 Ill. App. 43; *Walrus Mfg. Co. v.
Wilcox*, 303 Ill. App. 286.

We are of the opinion that the court should have
allowed defendant's motion. The judgment is there-
fore reversed and the cause remanded with directions
to allow the motion to reopen the judgment, and for
leave to plead to the merits.

*Reversed and remanded with directions.*