Ernest Gustafson, Appellant, v. Paul F. Lundquist, Appellee.

Gen. No. 10,240.

288

Opinion filed April 20, 1948.
Rehearing denied May 27, 1948. Released for publication May 27, 1948.

EDWARD S. FOLTZ, JR., of Rockford, for appellant.

MAYNARD & MAYNARD, of Rockford, for appellee; FRANK E. MAYNARD and JAMES F. MAYNARD, both of Rockford, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

On November 26, 1946, the plaintiff below filed his complaint in the circuit court of Winnebago county to recover for personal injuries sustained when he, a pedestrian, was struck by an automobile driven by defendant. A summons was duly issued and personally served upon the defendant on December 3, 1946, the return day being January 6, 1947. The defendant did not appear nor did any one appear for him and on January 16, 1947, he was defaulted. On February 6, 1947, a hearing was had and a judgment rendered in favor of the plaintiff and against the defendant for $3,000 and costs of suit. On March 21, 1947, the defendant filed his motion to set aside the default and for leave to answer. Plaintiff thereupon filed his motion to strike and dismiss this motion of the defendant. The trial court on October 24, 1947, sustained the motion of the defendant, vacated the judgment, set aside the default and granted defendant leave to plead. To reverse this judgment order plaintiff appeals.

The affidavit of appellee filed in support of his motion to set aside the default recites that on October 18, 1945 at about 7:30 p. m. he was driving his automobile south on Seventh street in Rockford, Illinois, proceeding at not more than twenty miles per hour near the intersection of Seventh street and Twelfth avenue. That appellant was walking westerly along the south side of Twelfth avenue and stopped when he was about the center of Seventh street. At that time appellee was ten or fifteen feet northeast of him and as appellee proceeded south appellant stepped forward and the left front of the bumper of appellee's car struck appellant and he sustained a broken leg.

The affidavit further states that he carried insurance and appellee was directed to send or bring any summons to an adjuster and attorney in Rockford. That upon his being served with summons on December 3, 1946, he sent the summons by postpaid mail to said adjuster. That he had no knowledge of the default or that judgment had been entered until called by appellant's attorney on March 19, 1947; that thereupon he called the adjuster. This affidavit concludes that he did all that was required of him by his policy of insurance, had faith that the adjuster would procure legal counsel to defend him, that his wife was with him at the time of the accident and that he has another eyewitness and has a complete defense and any error on his part is an excusable mistake.

In support of his motion appellee also filed the affidavit of Harold T. McCabe. This affiant states that his business is that of investigating and adjusting insurance claims and that he is the adjuster for appellee's insurance company. That he had negotiations with the attorney for appellant and conversations with appellant and instructed appellee in the event suit was instituted to bring or send the summons to him. That suit was brought and process issued and the summons

was received by the office of affiant shortly after service. That when the summons was so received by his office, affiant was ill and unable to attend to his office duties and inexperienced help placed said summons in the file concerning this accident and that he did not know of said summons or default until called by appellee on March 19, 1947. That his illness caused him to entrust the handling of mail to others and an inexperienced girl filed it without advising him or advising any one who knew or understood the importance of it and because thereof said summons was not brought to his attention or the attention of any one in his office who knew how to take care of it and as a consequence thereof default was taken against appellee. This affiant further states that he investigated the accident and from his investigation it appears that appellee has a valid defense, that appellee relied upon affiant to forward the summons to the insurance company and because affiant did not know of it the insurance carrier was not informed. This affiant concludes that ''the facts herein are not otherwise of record and are what is known as an excusable mistake.''

The motion of appellee in this case was in the nature of the common-law writ of error *coram nobis* and was filed pursuant to the provisons of the Practice Act which abolished the writ of error *coram nobis* but provided that all errors in fact committed in the proceedings of any court of record and which by this common-law writ could have been corrected, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment, upon reasonable notice. (Ill. Rev. Stat. 1947, ch. 110, § 72, par. 196 [Jones Ill. Stats. Ann. 104.072].)

In *Jacobson v. Ashkinaze,* 337 Ill. 141, it is said (page 146) : ''The purpose of the writ of error *coram nobis* at common law, and of the statutory motion substituted for it in this state, is to bring before the court rendering the judgment, matters of fact not appearing

of record, which, if known at the time the judgment was rendered, would have prevented its rendition.''

Counsel for appellee insist that at the time when the trial court entered its default judgment against him, there were matters of fact, not appearing of record, which if known to the trial court, would have prevented it from rendering the judgment it did and counsel enumerate these facts as follows:

*First:* That appellee had a valid contract of insurance with the Standard Mutual Automobile Insurance Company.

*Second:* That an accident occurred on October 15, 1945.

*Third:* That thereafter appellee was contacted by Harold T. McCabe, an adjuster for that Insurance Company.

*Fourth:* That McCabe had instructed appellee to send or bring any process of summons he might receive as a result of this accident to McCabe's Office.

*Fifth:* That a summons was served upon him on December 3, 1946 and the copy thereof was immediately sent by postpaid United States mail to the office of McCabe.

*Sixth:* That the copy of the summons so mailed to McCabe was duly received at McCabe's office.

*Seventh:* That at the time the copy of the summons was so received McCabe was sick.

*Eighth:* That inexperienced help in McCabe's office placed the copy of the summons in the file concerning this accident.

*Ninth:* That McCabe did not know that his office had received a copy of the summons or that a default or judgment had been rendered against appellee until March 19, 1947.

None of these matters, in our opinion, if known to the trial court would have prevented the rendition of this judgment. The trial court, had these matters been brought to its attention, might have exercised a judicial discretion and have delayed entering a default or judgment against appellee until some notice, other than that given appellee by the summons itself, was given appellee. This motion is not addressed to the equitable powers of the court and is not intended to relieve a party from the consequences of his own negligence. (*Loew v. Krauspe*, 320 Ill. 244, 250; *Hickman v. Ritchey Coal Co.*, 252 Ill. App. 560, 564.) The duty of the court, however, would have been to render the judgment it did. To hold that any of these facts would have prevented the trial court from entering a default, and rendering the judgment it did would be extending the relief which is available under this motion far beyond the scope of any of the authorities to which our attention has been called.

The only conclusion to be drawn from the facts set forth in appellee's motion is that appellee was not diligent and that he followed the advice of Mr. McCabe, an insurance adjuster, instead of obeying the specific command contained in the writ of summons which was served upon him as provided by law.

Counsel for appellee argue that the trend of judicial decision is to determine suits upon their merits and according to the substantive rights of the parties. This may be true and in the instant case it is to be regretted that the original judgment was the result of an *ex parte* proceeding and that appellee was not present at the hearing and that no one appeared for him but appellant or his counsel never said or did anything to bring this about and it is not even suggested that they did. The fraud of appellant that could be availed of under a motion of this character by appellee is some fraud upon the part of appellant or his counsel that prevented appellee from making his defense. No such

charge is made and no errors of fact are alleged which authorized the relief appellee sought.

It is also suggested that appellee's failure to present his defense was a mistake excusable in fact and in law but it has always been held that errors of fact, which could be made the basis of a motion of this character, are facts which if known to the court, would have prevented the entry of the judgment and not the lack of knowledge on the part of the court of facts constituting a defense to a cause of action. (*Loew v. Krauspe,* 320 Ill. 244, 250.)

When a party is sued and process duly issued and that process has been regularly served upon the defendant as provided by law, he must be governed by the law and rules of practice and must present his defense if he desires to contest the demand of the plaintiff for judgment. (*Marnik v. Cusack,* 317 Ill. 362, 365.). A motion of the character here presented seeking to set aside a final judgment of a court having jurisdiction of the parties and subject matter is one of serious import and if treated lightly, threatens the stability of our courts. (*Conrad v. Camphouse,* 230 Ill. App. 598.)

In *Shaffer v. Sutton,* 49 Ill. 506 at p. 508, it is said that the fact that a defendant is sick and unable to attend the court to which he has been summoned does not relieve him from the duty of diligence and in *Clark v. Ewing,* 93 Ill. 572, it was held that ill health or sickness of counsel furnishes not even an equitable ground for relief against a default judgment. If illness of a defendant or the sickness of his attorney would not authorize a court of equity to set aside a default judgment it cannot be seriously contended the default and judgment in the instant case should be vacated simply because a representative of an insurance company which carried insurance upon the automobile of the defendant was ill, at the time a copy of the process served upon the defendant was received at the

office of the representative of the insurance company having been sent there by the defendant. (*Lynn v. Multhauf*, 279 Ill. App. 210.)

Under the authorities above cited, the trial court erred in sustaining appellee's motion and the order appealed from will therefore be reversed.

*Order reversed.*