Philip J. Wagner, Appellee, v. Walter J. Sulka and Balbina Kozial, Appellants.

Gen. No. 44,508.

Opinion filed December 13, 1948.   Released for publication December 27, 1948.

S. G. LIPPMAN and SIDNEY J. ROSENBERG, both of Chicago, for appellants.

FRANK L. HUME and BOWE & BOWE, all of Chicago, for appellee.

MR. JUSTICE TUOHY delivered the opinion of the court.

Philip J. Wagner, plaintiff, filed his complaint asking a money judgment for bodily injuries received as a result of an altercation with an intoxicated patron in a tavern owned and operated by defendant Walter J. Sulka on premises owned by defendant Balbina Kozial. The complaint was filed November 19, 1947.   Service of summons was had on both defendants on November 20, 1947. Defendants were defaulted on January 5, 1948, for want of an appearance, and a judgment for $4,000 and costs was on that day entered against them. On March 8, 1948, defendants filed their sworn petition seeking to set aside and vacate the default judgment. This petition admits the operation and ownership of the tavern, and asserts:

"4. That summons was served upon petitioners on or about, to wit, November 20, 1947, and that petitioners immediately mailed said summons to the office of the insurance broker from whom petitioner Walter J. Sulka purchased said insurance, and thereupon petitioners believed and assumed that the said summons would be forwarded to the proper source and that a defense would be undertaken of the action in their behalf."

"6. That the first knowledge they had of the failure of the insurance company to cause an appearance to be filed on their behalf came to their attention on or about February 20, 1948, when an execution was served upon them. That they thereupon immediately communicated with representatives of the insurance company respecting an explanation of the situation and that they were informed that the insurance company had not received the summons and knew nothing of the institution of any suit and for that reason did not cause an appearance to be filed on petitioners' behalf through its authorized attorneys and further disclaims any liability on such ground."

The petition concludes with allegations of defense. On March 11 plaintiff filed a motion to strike defendants' petition, and after a hearing an order was entered that the relief prayed for in said petition be denied. From that order this appeal is taken.

Defendants contend that the court had jurisdiction to consider the petition because it was in the nature of a writ of error *coram nobis*: that the petition sets out facts from which it may be concluded that plaintiff's cause of action was fraudulent, and that the failure of defendants to enter an appearance was due to excusable mistake.

The common-law writ of error *coram nobis* has been superseded in this State by sec. 72 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 196;

Jones Ill. Stats. Ann. 104.072], the pertinent part of which is as follows:

"The writ of error coram nobis is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice. . . ."

The purpose of the writ was well stated in *Jacobson v. Ashkinaze*, 337 Ill. 141, at page 146:

"The purpose of the writ *coram nobis* at common law, and of the statutory motion substituted for it in this State, is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition. Illustrations of such matters are the disability of the parties to sue or defend, the failure of the clerk to file a plea or answer, and the omission to interpose, through fraud, duress or excusable mistake and without negligence on the part of the defendant, a valid defense existing in the facts in the case. The motion is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law. . . ."

Defendants seek to bring their case within the above enunciated doctrine by charging fraud. In the statement of the grounds of defense in the petition to open up the judgment, defendants alleged that no liquor had been served by defendants to the party alleged to have assaulted the plaintiff and further alleged that no injury was suffered by plaintiff as a consequence of said altercation, but that physical condition complained of by plaintiff had existed for a long period of time prior to the assault in question. They conclude, therefore, the motion to strike admitting facts well pleaded, that the trial court relied upon an ad-

mittedly false state of facts in entering judgment for the plaintiff.

Defendants misapprehend the function of the writ of error *coram nobis* and sec. 72 of the Civil Practice Act. In *Loew v. Krauspe,* 320 Ill. 244, in stating the law applicable to this subject, the court said at page 250:

" . . . The object and purpose of the motion under section 89 have been frequently discussed in decisions of this court, and it has always been held that errors of fact which could be made the basis of the motion are facts which, if known to the court, would have prevented the entry of the judgment, and *not the lack of knowledge on the part of the court of facts constituting a cause of action or a defense to it. Marabia v. Thompson Hospital,* 309 Ill. 147; *Village of Downers Grove v. Glos,* 316 id. 563." (Italics ours.)

Obviously the alleged fraud of which defendants complain is not fraud which might be reached by writ of error *coram nobis.*

Defendants assert their failure to enter an appearance was due to excusable mistake. With that contention we do not agree. The record, from which quotations are contained above, indicates that upon being served with summons they mailed the summons to an insurance broker from whom they purchased their insurance "and assumed that the said summons would be forwarded to the proper source and that a defense would be undertaken of the action in their behalf." We are of the opinion that merely depositing a summons in the mail to an insurance broker upon the assumption that he in turn would deliver the summons to the insurance company by whom the policy was issued and that they would provide for a proper defense is not the kind of diligence required in such a situation. We are of the opinion that the burden was upon the defendants to make inquiry as to whether or not the summons had reached the hands of those under obliga-

tion to file an appearance and to have had some reasonable assurance a defense had been made. The fact that no inquiry was made of the defendants as to the facts upon which a defense was to be predicated should have placed them on notice that no such defense had been made within the time specified in the summons which defendants had admittedly had in their possession. In *Loew v. Krauspe, supra,* the court said in considering a similar motion: "The motion is not addressed to the equitable powers of the court, and it is not intended to relieve the party from the consequences of his own negligence. (*Consolidated Coal Co. v. Oeltjen,* 189 Ill. 85; *Cramer v. Commercial Men's Ass'n,* 260 id. 516.)" In the case of *Bonn v. Arth,* 331 Ill. App. 321, this court said, at page 331:

"The defendant relied upon Melvin Marti to deliver the summons in question to her insurance agent. This we believe she did at her peril. In the case of *Higgins v. Bullock,* 73 Ill. 205, the defendant was served with summons but failed to make any defense upon the promise of the sheriff not to return the summons as served until he ascertained if it was intended for another person of the same name, and then if it was not so intended, to notify the defendant before returning the summons as served on him, which he did not do. The court held that this was insufficient excuse for the defendant neglecting to interpose his defense, and on page 208 the court made the following statement:

" 'When appellee had caused to be issued a summons in due form of law, and had it served upon appellant by the proper officer, and in the mode prescribed by the statute, he had performed his whole duty, and if appellant failed to appear and interpose his defense, but placed reliance on statements of the sheriff, he did this at his peril.

" 'A court of chancery has the undoubted power to afford relief in a proper case, against a judgment at law, but it must appear that the party complaining has

been guilty of no negligence or laches, and that he has been prevented from interposing a defense through accident, fraud or mistake, without fault or blame on his part.' ''

██  We hold the petition herein does not set forth a case remedial under sec. 72 of the Civil Practice Act. The judgment of the trial court is affirmed.

*Affirmed.*

FEINBERG, P. J., and NIEMEYER, J., concur.