William R. Hodge, Plaintiff-Appellee, v. Charles Stigall, and Geneva Stigall, Defendants-Appellants.

Gen. No. 47,461.

First District, Second Division.

December 16, 1958.

Released for publication February 4, 1959.

Euclid Louis Taylor, and Richard K. Cooper, both of Chicago (Harry G. Fins, of counsel) for defendants-appellants.

Teller Levit & Silvertrust, of Chicago (Julian I. Silvertrust, and Joseph L. Matz, of counsel) for plaintiff-appellee.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an action to set aside a deed. Defendants failed to appear and the deed was set aside after an ex parte hearing. Defendants then presented two motions to vacate the judgment. One was made within 30 days and the other after 30 days had expired. Both motions were denied. Defendants appeal.

Defendants have been tenants in the building in controversy since 1953 under a written lease. In July 1954, defendants agreed to render certain services to plaintiff, who was blind and infirm. Pursuant to the agreement plaintiff executed a certain document which he understood to be a will. After plaintiff's second marriage in April 1957, it was discovered that he had signed a deed and not a will. In June 1957, this action was started.

The basic issues presented are whether the court abused its discretion in denying the motions to vacate and whether counter-affidavits on the merits may be considered on a motion to vacate.

The affidavit in support of the motion to vacate states that plaintiff told defendant Geneva Stigall not to worry about the summons served on her in this action, that it was a mistake; that defendants relied on this representation and did not appear; that plaintiff was represented by a lawyer when the deed was executed; that defendants did render proper care to plaintiff; and that defendants were diligent and have a meritorious defense to the original action.

In addition to controverting most of the affidavit's allegations, the counter-affidavits, filed by plaintiff, his wife and his attorney, state that the lawyer who was reputed to be representing plaintiff at the time of

the execution of the deed was retained by defendants; that the document signed was represented to be a will rather than a deed; and that the property had been reconveyed to plaintiff by a Master's deed.

The court properly heard defendants' first motion since it was filed within the 30-day period as required by statute. See Ill. Rev. Stat. 1957, ch. 77, §§ 82–84; ch. 110, § 72. In our opinion defendants were diligent even though plaintiff contends otherwise.

■ ■ While it is well settled that a reviewing court will not reverse a motion to vacate unless the trial court abused its discretion, People v. Benefiel, 405 Ill. 500; Dalton v. Alexander, 10 Ill.App.2d 273, we think the court erred in its applications of the law concerning counter-affidavits. Plaintiff urges that his counter-affidavits go only to the question of defendants' diligence. We cannot agree. Although diligence is involved, there is enough material pertaining to the merits to render them objectionable. Some of the earlier cases seem to be in conflict on this point but the more recent authorities agree that counter-affidavits going to the merits of the controversy cannot be considered on a motion to vacate a default judgment.

■ Plaintiff places great reliance on Hefling v. Van Zandt, 162 Ill. 162 and Holliday v. Tuthill, 94 Ill. App. 424. In the Hefling case the court does not mention whether the counter-affidavits went to the merits or the question of diligence. The counter-affidavit involved in the Holliday case concerned the existence of a previous lawsuit between the parties. Neither of these cases is determinative of the instant case, rather, the correct rule is set out in Gilchrist Transp. Co. v. Northern Grain Co., 204 Ill. 510 at pages 512–513:

"So far as these counter-affidavits related to the merits of the controversy the court erred in hearing and considering them. . . . the court is not authorized to try the merits of the case on affidavits. . . . such

47

action would be an encroachment upon right to trial by jury."

The rule enunciated in Mendell v. Kimball, 85 Ill. 582, one of the earliest cases to condemn the consideration of counter-affidavits on motion to vacate as a vicious practice, is frequently cited as controlling on this point. As recently as 1953, this principle was reiterated in Lietz v. Ankrom, 350 Ill. App. 437. See also Stranak v. Tomasovic, 309 Ill. App. 177. In our opinion the court committed prejudicial error in considering the counter-affidavits on the merits.

■ ■ Plaintiff's contention that defendants lack a meritorious defense is without merit. Fraud is a sufficient reason for vacating a judgment even after the term at which it was rendered. Nash v. Park Castles Apartment Bldg. Corp., 384 Ill. 68; In re Estate of Luer, 348 Ill. App. 324. As was said in McSwain v. Nash, 331 Ill. App. 175:

"In the instant case we must assume that the facts alleged in defendant's affidavit in support of the motion were true. On this assumption plaintiff was guilty of fraud in telling defendant to pay no attention to the suit; that it was a mistake. . . ."

Furthermore, assuming the truth of the affidavit plaintiff should not have proceeded, three days after the default decree, to get a Master's deed without first having made a demand for a deed on defendants. Ellman v. De Ruiter, 412 Ill. 285; Jacobson v. Ashkinaze, 337 Ill. 141.

An extended discussion of other points raised would serve no purpose. For the reasons mentioned we are impelled to reverse the court's ruling and remand the case for trial on the merits.

Reversed and remanded.

MURPHY and KILEY, JJ., concur.