Nona Idylle Harder and Donna Sobin, Plaintiffs-Appellees, v. Advance Transportation Company, Inc., Defendant-Appellant, and Continental Chair Company, Co-Defendant.

Gen. No. 11,380.

Second District, Second Division.

August 25, 1960.

Graham, Califf, Harper, and Benson, of Moline, and McDonald and McCracken, of Davenport, for appellant.

Sam M. Arndt and Franklin S. Wallace, of Rock Island, for appellees.

CROW, P. J.

This was an action for personal injuries and property damages by the plaintiffs-appellees Nona Idylle Harder and Donna Sobin in the Circuit Court of Rock Island County against the defendant-appellant Advance Transportation Co., Inc., and the co-defendant Continental Chair Company. The co-defendant is not here concerned. The complaint alleges injuries and damages resulting from a collision of an auto in which the plaintiffs were riding and tractor trailer units of the defendants while the defendant-appellant's unit was operated by its employee, Theodore Markley, March 1, 1958 on a highway in Rock Island County. Service was had, as indicated by the return of the Sheriff of Cook County, on the defendant-appellant Advance Transportation Co. on March 20, 1959, by leaving a copy with Roger A. Young, agent of the Advance Transportation Company, Inc., at its place of business in Chicago. On April 23, 1959, no plea or appearance of the defendant-appellant being on file, a default was entered, damages assessed, and judg-

ments rendered against it in favor of Nona Harder for $1500.00, and of Donna Sobin for $3500.00. On July 28, 1959, more than 90 days after the default judgments were rendered, the defendant-appellant Advance Transportation Company, Inc., filed a motion to vacate the judgments, supported by certain affidavits. This appears to be a proceeding brought under Sec. 72 of the Civil Practice Act, Ch. 110, Ill. Rev. Stats., 1959, par. 72, and we shall consider the motion as a petition under that section. The plaintiffs filed a motion to strike or deny the defendant-appellant's motion to vacate. The Court allowed the motion to strike or deny and denied the motion to vacate, and this appeal by the defendant-appellant Advance Transportation Co. resulted.

Section 72 of the Civil Practice Act, Ch. 110, Ill. Rev. Stats., 1959, par. 72, provides, in part, that "Relief from final orders, judgments and decrees, after 30 days from the entry thereof, may be had upon petition as provided in this section. . . ."

In a case of this character, involving a default judgment, if the Court has jurisdiction of the parties and of the subject matter, the Trial Court's action in declining to vacate a judgment after 30 days from the entry thereof will not be reversed unless there has been an abuse of its sound judicial discretion, and the burden was on the defendant-appellant to show affirmatively both due diligence to protect its rights or lack of negligence on its part in not presenting its alleged defense in apt time, and a meritorious defense —a showing of an alleged meritorious defense, alone, is not sufficient: Nitsche v. Chicago (1917), 280 Ill. 268, 117 N. E. 500; Barrett v. Queen City Cycle Co. (1899), 179 Ill. 68, 53 N. E. 550. A motion to set aside a final judgment of a court having jurisdiction is of serious import and the maintenance of stability requires it be so treated.

441

The motion to vacate and the affidavits thereto attached in behalf of the defendant-appellant purported to show a meritorious defense to the effect it was not a motor vehicle of that company which was involved in the accident with the plaintiffs—that it had no interest in the unit involved, that Markley was not employed by it, that it operated no vehicle in Rock Island County, and the unit involved was owned and operated by another named company—and attempted to show lack of negligence on the part of the defendant-appellant in not presenting its alleged defense in apt time. The plaintiffs' motion to strike or deny the defendant-appellant's motion to vacate alleged that more than 30 days having elapsed since the judgment the Court had no jurisdiction to vacate it, the defendant's motion and affidavits were insufficient under Section 72 of the Civil Practice Act, and the defendant was culpably negligent, and that the defendant-appellant's culpable negligence is further shown by the affidavit of the plaintiffs' attorney attached to the motion which affidavit recites how he ascertained the name of defendant-appellant, that he wrote the defendant-appellant a letter concerning the matter prior to suit, and he had received no reply. It may be assumed, for the present purpose, that the appellant's motion and affidavits show an alleged meritorious defense, if correct and if proved.

To show proper diligence or lack of negligence on its part the affidavit of Roger A. Young is principally relied upon. This affidavit is as follows:

"I am an adult resident of the City and County of Milwaukee, State of Wisconsin, and am employed as a clerk by the Advance Transportation Company. I have been working in Milwaukee for the Company since June 22, 1959, and before coming to Milwaukee, I was employed by the same

■■■■■■■■■■■■

Company as a clerk in the Chicago office located at 3475 South Cicero Avenue, Chicago, Illinois.

"I had worked in that office for approximately two years before coming to Milwaukee. While working in Chicago, I was a rate clerk and also assisted the office manager. A part of my duties was to accept service of legal papers and documents such as garnishments involving our drivers, wage assignments, and also pleadings in civil suits involving such things as accidents. I prepared accident reports when appropriate as required by the Company's policy of automobile liability insurance with the American Mutual Liability Insurance Company. When a legal paper with regard to an accident was served on me, I always sent it by mail to the American Mutual Liability Insurance Company's office in Chicago. I am referring to its main office which, as I recall, was located on North Avenue. After the papers were sent to American Mutual, I considered that they would handle the matter from there on, and I was never instructed nor did I feel it necessary to check with the insurance company to see that they followed through and protected the interests of Advance Transportation Company. While on the job with the Chicago office during the month of May, 1959, a bailiff came to the office with some pleadings in the above matter. From what I recall, these pleadings involved a suit against Advance Transportation Company for damages as a result of injuries allegedly sustained in an automobile accident involving, as was claimed in the pleadings, a company truck. As was my custom I looked at the files to determine what this accident was about. After examining the files I could find no record of such accident. I also noted that

443

the accident allegedly had taken place in Rock Island County, Illinois. This I thought was unusual because the Company's trucks do not operate in Rock Island County and accordingly, before accepting the papers, I called the office of the Clerk of the Circuit Court of Cook County and told the man who answered that I could not accept the papers being served upon me because I knew the truck involved in the accident could not have been a company truck. The man who spoke to me from the Clerk's office told me to accept the papers anyway and after accepting them send them on to the Company's insurance company. Acting on this advice, I accepted the papers and gave my name to the bailiff. I then put the papers in an envelope addressed to the American Mutual Liability Insurance Company at its Chicago office and to the attention of Miss Pilot. It had always been my custom to send this type of papers to the main office in Chicago, and I had been instructed when I began work that they were to be sent to Miss Pilot's attention. I then sealed and stamped the envelope and gave it to the cashier who handles mailing. The cashier takes care of seeing to it that mail is put in a mail box for collection by the post office department. I assumed that the cashier mailed the letter as I never heard that he did not. Before mailing the papers to the insurance company, I brought them to Mr. Edward Bleskan, the operations manager, and asked him if I should send them to the insurance company as I had been told by the Clerk of the Circuit Court to do. Mr. Bleskan said that I should.

"After sending the papers to the insurance company, I never heard of the matter again until a default judgment had been entered against the Advance Transportation Company. During the

444

time between the original service of the papers upon me and the time when I learned about the default judgment, I had always assumed that the insurance company had taken care of the matter. On all prior occasions when the Advance Transportation Company was involved in matters arising in connection with the liability insurance the American Mutual took care of the matter and did not require the Advance Transportation Company to do anything else unless they asked them. During all this period I was never asked by American Mutual to get them any information nor do anything else with regard to the accident so I had assumed that the insurance company would completely handle the matter and protect the interests of my employer."

The defendant-appellant's other supporting affidavits are by Theodore Markley, August Lindner, Mary Piloet, and John Carey. The affidavit of Mr. Markley is to the effect he was the operator of a tractor trailer unit involved in the accident in question, he was employed by another company, that company owned and operated the unit, and he was not employed by the defendant-appellant. The affidavit of Mr. Lindner is to the effect he is an officer of the defendant-appellant, it has no authority to operate in and does not operate in Rock Island County, and he finds no information or record indicating any truck or employee of the defendant-appellant was involved in the accident in question. The affidavit of Mary Piloet is to the effect she is the claim clerical supervisor in the Chicago District Office of American Mutual Liability Insurance Co., 6978 W. North Ave., Chicago, she supervises mail clerks, file clerks and typists, she has instructed all employees processing incoming mail to deliver all summonses, complaints, or other legal papers, and the case files, upon receipt, to John Carey, the District Claim Man-

445

ager, that to the best of her knowledge no summons or complaint in this case were received by her office, and the first notice she had of this case was June 16, 1959 when she received a legal notice of a default judgment. The affidavit of John Carey is to the effect he is the District Claim Manager of the Chicago Office of American Mutual Liability Ins. Co., 6978 W. North Ave., Chicago, he is in charge of all claim personnel, all legal papers are inspected and processed by him, neither he nor any of the employees there ever received, to the best of his knowledge, any summons or complaint in this case, and the first notice he had of the case was June 16, 1959 when he received a notice of default judgment. The defendant-appellant does not include the affidavits of Mary Piloet or John Carey in its abstract here, but they are in the record.

It may also be observed that although the record indicates that the defendant-appellant's motion to vacate alleges at one point that "due to an apparent failure in the United States Post Office Department, said summons and complaint were never received at the Chicago office of American Mutual Liability Insurance Company", that language is omitted by the defendant-appellant in its statement of its motion in its abstract here, there is no affidavit purporting to support the allegation of any failure in the United States Post Office Department, and the defendant-appellant does not argue that matter in its brief here.

In Brockmeyer v. Duncan (1960), 18 Ill.2d 502, the Court said, p. 505:

"Section 72 of the Civil Practice Act, which substitutes a simple remedy by petition for various forms of post judgment relief theretofore available, enables a party to bring before the court rendering a judgment matters of fact not appearing in the record which, if known to the court at the time the judgment was entered, would have pre-

446

vented its rendition; and proceedings thereunder are governed by rules and principles heretofore announced by this court. Glenn v. People, 9 Ill.2d 335.

"A trial court cannot review its own order or judgment and correct the same, either as to any question of fact found or decided by the court or as to any question of law decided by it after the expiration of thirty days. (See Chapman v. North American Life Ins. Co., 292 Ill. 179.) A petition under section 72 of the Civil Practice Act is therefore the filing of a new action; and it is necessary, as in any civil case, that the petitioner allege and prove a right to the relief sought. Where the petition fails to state a cause of action or shows on its face that the petitioner is not entitled to the relief sought, it is subject to a motion to dismiss. (Glenn v. People, 9 Ill.2d 335.) Assuming that the present petition alleges facts which would otherwise justify the granting of relief, the absence of any excuse for not asserting them in apt time must preclude it. The rule is well established that a person may not avail himself of the present remedy unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. (Guth v. People, 402 Ill. 286; Greene v. People, 402 Ill. 224.) Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence. McCord v. Briggs & Turivas, 338 Ill. 158; Cramer v. Illinois Commercial Men's Ass'n, 260 Ill. 516."

In Chmielewski v. Marich (1954), 2 Ill.2d 568, 119 N.E.2d 247, the defendant against whom a default judgment had been entered had given the summons in the case to the insurance brokers from whom the in-

surance policy covering the liability had been obtained and they had advised him they would take care of the matter; the Court held his reliance on the insurance brokers did not relieve him of the consequences of the brokers' failure to fulfill their undertaking, his failure to appear and make defense was not excusable as between him and the plaintiff, and a motion to set aside or vacate the judgment should be denied. In Gustafson v. Lundquist (1948), 334 Ill. App. 287, 79 N.E.2d 306, the defendant had mailed the summons to the adjuster for his insurance company, it was received by the adjuster, the adjuster was then ill, inexperienced help in his office filed it, and it did not come to the adjuster's attention until later; the Court held the defendant was not diligent, there was no excusable mistake, and a motion to set aside or vacate the judgment should be denied. In Wagner v. Sulka (1948), 336 Ill. App. 101, 82 N.E.2d 922, the defendant had mailed the summons to the insurance broker from whom the insurance policy had been purchased, but the insurance company did not receive the summons; the Court held there was no excusable mistake, the defendant was not diligent, he had the burden to inquire whether the summons had reached the hands of the insurance company and to have had reasonable assurance a defense had been made, the fact the defendant received no inquiry from the insurer as to the facts upon which a defense was to be predicated should have placed him on notice that no defense had been made within the time stated in the summons, and a petition to set aside or vacate the judgment should be denied. In Till v. Kara (1959), 22 Ill.App.2d 502, 161 N.E.2d 363, the defendant's insurance broker told him there was an insurance policy in effect covering the claimed liability, the insurance company would defend the case, and he accordingly told his personal attorney, who had appeared, to withdraw, which was done; the

Court held the defendant had not shown due diligence, his failure to appear and defend was not excusable, and his petition to vacate the default judgment should be denied. And in Bonn v. Arth (1947), 331 Ill. App. 321, 73 N.E.2d 128, the defendant had given the summons to her husband, who left it with an employee of a grain company, who was a fellow employee there of the defendant's insurance agent (who was a part time agent), to give to the agent, which fellow employee forgot to give it to the insurance agent; the Court held the defendant was not without fault, was grossly negligent, and her motion to vacate and set aside the default judgment should be denied.

■ It seems clear to us after reading particularly the affidavit of Roger Young, together with the affidavits of Mary Piloet and John Carey, in the light of those cases, that the defendant-appellant Advance Transportation Company, Inc., was guilty of negligence or cannot reasonably be said to be free of negligence in not presenting its alleged defense in apt time or to have exercised due diligence to protect its rights. After it was served with a copy of the summons and complaint by service upon its agent Roger A. Young, apparently all the defendant-appellant did was that Mr. Young put the papers in an envelope, addressed to its liability insurance company, American Mutual Liability Insurance Co., Chicago, attention Miss Piloet, sealed and stamped the envelope, and gave it to the defendant-appellant's cashier who handled mailing. The cashier was also an employee of the defendant-appellant and it must take responsibility for whatever the cashier did or did not do in the premises. Mr. Young did not mail the documents and there is nothing specifically to indicate the cashier or anyone else did. Evidently there was no accompanying covering letter of transmittal from the defendant-appellant to its insurer giving the insurer any information at all

or telling it of the alleged non-involvement of the defendant-appellant in the matter concerned. The defendant-appellant's other affidavits of Mary Piloet and John Carey of American Mutual Liability Insurance Co. indicate no summons or complaint in the case were ever received by the insurer from the defendant-appellant and cast doubt on some parts of Mr. Young's affidavit. There is now no contention by the defendant-appellant of any failure in mail handling by the Post Office, and, though it apparently acknowledges in its motion that the summons and complaint were not in fact received by its insurer, it makes no effort to resolve the evident conflicts in those affidavits. It made no inquiry whether the summons and complaint had in fact reached the insurer. It had no reasonable assurance a defense had been made. It was placed on notice that no defense had been made by, if nothing else, the fact it received no inquiry from the insurer as to the facts upon which a defense was to be predicated. The absence of any proper excuse for the defendant-appellant's not asserting its alleged defense in apt time precludes it. The defendant-appellant has not shown that through no fault or negligence of its own the alleged existence of a valid defense was not made to appear to the trial court. It cannot be hereby relieved from the consequences of its own mistake or negligence.

Representative of the cases cited by the defendant-appellant are: Ellman v. DeRuiter (1952), 412 Ill. 285, 106 N.E.2d 350, Busser v. Noble (1956), 8 Ill.App.2d 268, 131 N.E.2d 637, Dalton v. Alexander (1956), 10 Ill.App.2d 273, 135 N.E.2d 101, Rossten v. Wolf (1957), 14 Ill.App.2d 322, 144 N.E.2d 757, Stranak v. Tomasovic (1941), 309 Ill. App. 177, 32 N.E.2d 994, and Hodge v. Stigall (1958), 20 Ill.App.2d 45, 155 N.E.2d 330. The principles of Ellman v. DeRuiter are helpful, but the

facts and the application of the principles to the facts are quite different from the present case. Busser v. Noble, Dalton v. Alexander, and Hodge v. Stigall, concerned motions filed within 30 days after entry of default judgments to set such aside, which involved a different section, Section 50, of the Civil Practice Act and different principles than are here involved, and the facts in each case otherwise were variant from those here presented. The facts in Rossten v. Wolf bear no similarity at all to those in the present case. Stranak v. Tomasovic concerned a motion to open up a judgment by confession and permit the defendant to plead, which, again, involved a different section, now known as Section 50, of the Civil Practice Act and different principles than are here involved and what is now known as Supreme Court Rule 23, which is not here concerned at all.

The defendant-appellant also urges that it was error for the Trial Court to consider the counter affidavit of the plaintiffs' attorney attached to their motion to strike or deny the defendant's motion, because that affidavit went to the merits of the defendant's defense. If counter affidavits relating to the merits should not be considered on a motion of this type to vacate a default judgment, it may be observed that that affidavit in fact related very little to the merits, but more to the defendant-appellant's diligence; the defendant-appellant made no objection at all in the trial court to the consideration thereof and cannot now, under those circumstances, raise the matter here for the first time; and, the matter being heard by the Court alone, without a jury, it will be presumed, in the absence of some contrary indication, that the Court disregarded whatever, if any, portion thereof was not properly before it.

451

■■■■■■■■■

The action of the trial court in denying the motion to vacate is correct, there was no abuse of its sound judicial discretion, and the order is affirmed.

Affirmed.

WRIGHT, J., concurs.

SPIVEY, J., concurs.