WALTER FITSCHEN, Plaintiff-Appellant, *v.* BELLM FREIGHT LINES, INC., Defendant-Appellee.

(No. 70-31;

Third District—February 4, 1971.

Samuel G. Harrod, of Eureka, for appellant.

Kavanagh, Scully, Sudow, White & Frederick, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from an order of the Circuit Court of Peoria County granting the defendant's petition to vacate a default judgment.

The record discloses that after unsuccessful negotiations with a claim adjuster representing the insurance carrier of the defendant, the plaintiff filed a lawsuit for the recovery of damages for injuries sustained while he was an employee of the Keystone Steel and Wire Company. The accident in which the plaintiff was injured occurred when he was loading a truck which was owned and operated by the defendant. The suit was filed on February 24, 1969, and on March 1, 1969, Donald E. Stone, Vice President of the defendant corporation, received from his company's Peoria office a copy of summons in lawsuit Number 69-M-729, the title of which was "Walter Fitschen and Keystone Steel and Wire Company, a corporation, vs. Bellm Freight Lines, Inc., a corporation." This summons was forwarded by Mr. Stone to his company's attorneys. On March 3, 1969, a second summons was received by Mr. Stone in case Number 69-M-730, entitled *Walter Fitschen vs. Bellm Freight Lines, Inc.* This latter summons had been issued in the case which is now before us on appeal.

Mr. Stone stated that he kept the summons of March 3, 1969, and took no action regarding it because he thought it was merely a duplicate of a summons that he had received a few days previously.

On motion of the plaintiff a default judgment was entered against the defendant on May 1, 1969, and damages were awarded in the sum of $9,500. The defendant on July 15, 1969, filed his petition to vacate the default judgment. The plaintiff filed a motion to strike the petition of defendant. After the filing of various additional motions by both the plaintiff and the defendant the trial court on December 2, 1969, entered the order setting aside the default judgment from which this appeal is taken.

The issue presented is whether the trial court properly allowed defendant's petition to vacate a default judgment pursuant to the provisions of par. 72 of the Civil Practice Act, ch. 110, par. 72, Ill. Rev. Stat.

Section 72 of the Civil Practice Act was enacted by the legislature for the purpose of eliminating various ills which existed under the common law practice. It is Section 72 that provides a simple method for persons aggrieved by judgments to bring post-judgment remedies to the attention of the trial court. Under the Civil Practice Act a motion to vacate a judgment has been substituted for the common law writ in error, *coram nobis;* however, the use of the statutory motion has not been restricted to the narrow confines of its common law antecedent. Fraud or excusable mistake is sufficient to support a motion to vacate a judgment in modern practice where the fraud or mistake has the effect of preventing a litigant

from making his defense. (*Ellam et al v. DeRuiter,* 412 Ill. 285, 106 N.E.2d 350.) Where an excusable mistake is shown as the reason for not having made a defense in the proceedings wherein a default judgment had been rendered, such mistake is a sufficient showing of the exercise of reasonable diligence and the court has the duty to exercise its discretion in granting a petition to vacate a judgment. *Boyle v. Veterans Hauling Line,* 29 Ill.App.2d 235, 172 N.E.2d 512.

In order to determine the issue as to whether the petition to vacate the default judgment was properly granted we must decide the basic question as to whether the defendant was guilty of an excusable or inexcusable mistake. We must look to the facts existing when the judgment was entered to determine whether those facts, if known to the trial court, would have prevented the trial court from rentering judgment against the defendant in the first instance.

Within a forty-eight hour span of time Donald E. Stone, Vice President of the defendant corporation, had served upon him two summons which resulted from the filing of two separate lawsuits arising from the same factual situation. The suits were filed the same day and bore consecutive filing numbers. The captions of the suits were identical with the exception that an additional party plaintiff was listed in the first suit. Mr. Stone promptly forwarded to his attorneys the first summons which he received, but ignored the second one believing it to be a duplicate of the first. There is no question but what Mr. Stone made a mistake, but was such a mistake an excusable one? He acted promptly and did not treat the matter of being served with a summons with indifference. Nor did Mr. Stone ignore the summons because of his interpretation of substantive law as did the defendant in the case of *Johnson-Olson v. Branthaver,* 94 Ill.App.2d 394, 236 N.E.2d 903. The defendant corporation upon receipt of the first summons immediately forwarded it to its attorneys for their attention. Unlike the defendant in *Harder v. Advanced Transportation Co.,* 26 Ill.App.2d 439, 168 N.E.2d 777, Mr. Stone had reason to believe the defense was being made by his attorneys to legal action stemming from an action in which plaintiff was injured. Events were to prove that Mr. Stone was mistaken but we feel that his mistake was not so grievous or so unjustifiable as to deny the defendant his day in court. In *Widicus v. Southwestern Electric Cooperative,* 26 Ill.App.2d 102, 167 N.E.2d 799, which was a case concerning a motion brought within thirty days after the judgment was entered, the court laid down general principles with reference to rules concerning vacating default judgments which are applicable whether the proceedings to vacate is by petition under Section 72 or by motion under Section 50(5) of the Practice Act. The court says:

"The entering of a default is one of the most drastic actions a court

may take to punish for disobedience to its commands, and the court has other powers which are ample in most instances. In our judgment, a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits."

Affidavits filed by the plaintiff and Richard C. Lewis, an employee of the defendant corporation, set forth differing viewpoints as to how the accident occurred wherein the plaintiff was injured. There is no duty imposed upon the trial court to determine which affidavit is setting forth the true factual situation. It was sufficient that after examining the record the trial court believed that the defendant had a meritorious defense to the plaintiff's action. We agree with the plaintiff's contention that the existence of a meritorious defense alone is not sufficient to justify the vacating of a default judgment, *Harder v. Advanced Transportation, supra,* but the existence of such a defense coupled with an excusable mistake is sufficient to justify such action by the trial court. *Elfman v. Evanston Bus Co.,* 27 Ill.2d 609, 190 N.E.2d 348.

Under all the circumstances it is our opinion that the petition of the defendant and supporting affidavits presented a situation which addressed itself to the equitable powers of the trial court and that in justice and fairness defendant should be given an opportunity to appear and have his day in court.

Under our views of the case it is not necessary to discuss other points raised in the briefs. The order of the Circuit Court of Peoria County is affirmed.

Order affirmed.

ALLOY, P. J., and STOUDER, J., concur.